# Wood et al. v. Corman et al.

April 30, 1948.

Rehearing denied June 18, 1948.

John S. Deering for appellants.

B. T. Moynahan, Jr. for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellants, as plaintiffs below, brought this action to quiet the title and for complete and full possession of a tract of land which they alleged was set apart as a burial ground.

Sometime in the early part of the 19th Century George E. Yost, one of the early settlers of that section of the country, set aside a small tract of land as a "meeting place" for such as might care to worship there. A church and school were built on this land. It appears that principally two denominations, the Methodist Episcopal and the old Christian Reformed, worshiped in the church. About the middle of the 19th Century, to be exact in 1853, George Yost deeded this property to the trustees of these two churches. It further appears that the Methodist Episcopal Church abandoned the building and set up a place of worship elsewhere. Later the building was torn down and the congregation of the Christian Reformed Church built a new church in Wilmore which was only a short distance from the old church site.

In 1903 James A. Corman took possession of the land in front of the cemetery and claimed it adversely until 1936, when he and his wife conveyed it to his son, Andrew M. Corman, by deed. Andrew M. Corman built a small house on the land and has claimed the title to the same since the making of the aforementioned deed. He now has the house and land in his possession.

Appellants alleged that they were the owners of the land and entitled to the possession thereof; that the appellees had taken possession of the land and that one of the appellees had made a deed conveying the land in controversy to the other appellee; that the premises had been used as a cemetery; and that appellees had damaged trees and tombstones in the cemetery, for which compensation was asked.

General demurrer was filed by defendants and by proper pleadings they denied the allegations of appellants' petition and amended petitions, plead title in themselves, and moved to transfer the cause to the law docket, which was granted. A trial was had before a jury resulting in a verdict for appellants. Appellees filed motions for judgment notwithstanding the verdict and also for a new trial. While these two motions were pending the parties by agreement submitted the cause to the court for final judgment upon the pleadings, proof, verdict of the jury, record, and upon all motions and questions of law and fact. The court found for and

entered judgment in favor of appellees. Plaintiffs prosecute this appeal.

Appellants complain because the court took the view that this was an action at law rather than in equity, transferred the cause to the law docket, and submitted the issue to the jury, which, it might be said, very promptly returned a verdict for appellants. Further complaint is made by charging the court with changing its view after verdict of jury and treating the action as a matter of equity, setting aside the verdict of the jury and dismissing the whole case for reasons unknown to appellants. They do suggest possibly it was done upon the presumption that appellants failed to trace their title back to the Commonwealth or possibly that appellants did not show authority to bring the suit. Much time is spent in elaborating on the fact that it has been a long established rule of this court zealously to safeguard the sepulcher of the dead, citing Hook, etc., v. Joyce, 94 Ky. 450, 22 S. W. 651, 21 L. R. A. 96, and other cases in support of their position. It will be observed that these cited cases are not in point since they are actions concerning cemetery lots.

Appellees in their brief very pointedly take the position first that, since appellants made no motion for a new trial, the only question before us is: "Do the pleadings sustain the judgment?"

This action was brought in equity to quiet title. In the petition plaintiffs set out and describe the tract of land deeded to the two congregations in 1853. They further state that the appellees have taken possession of the land and have cut valuable trees therefrom, and that appellee, James A. Corman, in conjunction with his wife, conveyed the land described in their petition to Andrew Corman. They then prayed that the deed be cancelled and held for naught and that they be granted full and complete possession of the land, together with damages for the destruction of the trees.

It will be noted by the above that appellants alleged defendants below, appellees here, to be in possession of the land. Obviously in order to displace them it would require an action in ejectment. However, by answer, appellees put the title in question by pleading that they are the owners of and have legal title to the

real estate described in plaintiffs' petition, and undertake by paragraph 3 of their answer, and by amended answer, to establish title by 15 and 30 years of actual, peaceable, open, notorious and visible adverse possession of the real estate.

If the court was correct, a matter which we shall not now pass upon, in treating this as an action at law and correctly transferred it to the law docket, unquestionably motion and grounds for new trial should have been made in order for us to go beyond the pleadings. Likewise, if there had been an issue out of chancery merely for the submission of facts to the jury, motion and grounds for new trial would have been necessary for such consideration by us. Obviously, appellants cannot now complain of the fact that the whole matter was heard by the court after the return of a verdict by the jury, since they agreed to the submission of the cause to the court and final judgment upon the pleadings, proof, verdict of the jury, record, and on all motions and questions of law and fact.

The question raised by appellees is well taken. Motion and grounds for new trial should have been made. See Bingham et al. v. Mills, 275 Ky. 552, 122 S. W. 2d 133; Wilson v. Louisville & N. R. Co., 257 Ky. 144, 77 S. W. 2d 416; and Sovereign Camp, W. O. W., v. Hornung, 190 Ky. 381, 227 S. W. 465. Obviously, the pleadings support the judgment.

However, since we have given consideration to the cause on its merits, we will go a step further. The evidence shows that appellees claimed the land only up to the boundary of the cemetery. Nowhere do they claim by adverse possession, or otherwise, the land on which the graves are situated. Whether or not the court took the view that appellants failed to establish their right to bring and maintain the action, or failed to trace title back to the Commonwealth, or to a common source, or to prove their title by adverse possession, or whether they failed to establish the identity of the land claimed by each of the parties litigant, or whether appellees established title by adverse possession, we cannot say. We can say, however, that appellees did prove their title to the land so claimed by adverse possession under both the 15 and 30 year statutes of limitation.

584

In the case of County Board of Education for Jefferson County et al. v. Mill Creek Methodist Church, South, et al., 242 Ky. 147, 45 S. W. 2d 1026, 1030, involving also joint possession of property conveyed for church purposes, we said:

"As to the small portion of the lot occupied by the new school building, it is admitted that the church authorities stood by and, without manifesting any objection, permitted its erection on the lot and thereby tacitly consented to is exclusive occupancy. We think the manifestations of the school authorities then and before that time were amply sufficient to put the church on notice of their claim of right. He who is silent when he should speak will not be heard when he would speak, is an ancient and wholesome doctrine. The equities of the case do not authorize a restoration of that part to the joint occupancy. Alexander v. Woodford Spring Lake Fishing Co., 90 Ky. 215, 14 S. W. 80, 12 Ky. Law Rep. 107; Finlayson v. Cuyuga Coal & Coke Co., 173 Ky. 763, 191 S. W. 486."

The court below may have taken the view that appellees established title clearly by adverse possession. If so, that was correct.

Wherefore, the judgment is affirmed.