## Opal Faye BURT v. HARTFORD ACCIDENT & INDEMNITY CO.

5-6002                                          483 S.W. 2d 218

Opinion delivered July 24, 1972
[Rehearing denied August 28, 1972.]

*Hodges, Hodges & Hodges,* for appellant.

*Hout, Thaxton & Hout,* for appellee.

John A. Fogleman, Justice.    Appellant Opal Faye Burt was injured while working for Walmart Company and was paid workmen's compensation benefits by Hartford Accident & Indemnity Company.    Thereafter, she brought an action against D. T. Allen Construction Company, as a third-party tortfeasor, whose liability insu-

rance coverage was also furnished by Hartford. Appellant contended that this situation presented a conflict of interest which deprived Hartford of a lien on any recovery she might realize in her action against the alleged tortfeasor. Appellee then employed counsel, who filed an intervention seeking to establish a lien and seeking recovery from D. T. Allen Construction Company based upon allegations of negligence similar to those asserted by appellant. Hartford employed another firm of attorneys to provide a defense for the construction company. Appellant obtained a judgment of $3,000 in her tort action. The court recognized appellee's lien, rendering judgment in its favor for the full amount of the workmen's compensation benefits paid by it. Appellant contends that appellee was not entitled to any recovery because it was the liability insurance carrier for the tortfeasor. Alternately, appellant contends that the court erred in refusing to deduct a reasonable attorney's fee from appellee's recovery as a part of the reasonable costs of collection and that the court erred in allowing the carrier to fully recover its payments to appellant. We find no reversible error.

The record discloses that Hartford Insurance Group filed a petition to intervene, alleging that it had paid appellant $1,752.89 in workmen's compensation benefits and asserting its right to join in the action and to make claim against any third party in the action who might be held liable for appellant's injuries to the extent of these payments. The court allowed this intervention and Hartford Accident & Indemnity Company, a subsidiary of the Hartford Group, filed its complaint in intervention. It prayed for judgment against the alleged tortfeasor for the amount of the payments made and for a first lien on any judgment awarded appellant. Appellant filed an answer denying Hartford's right to a lien and asked dismissal of appellee's complaint in intervention.

At a pretrial conference, appellant raised her objection to appellee's intervention. The attorney representing Hartford on the intervention stated that it really had no issue for the jury, that the law was clear as to its re-

covery and that it would introduce the final settlement receipt. Appellant then called attention to appellee's allegations of negligence on the part of the Allen Company and the answer on behalf of that company denying negligence and demanded an election on the part of Hartford as to which pleading it withdrew. Appellant's attorney also urged that the Arkansas statute would not permit Hartford's claim of subrogation because of the conflict of interest. He did not then insist upon dismissal of appellee as a party to the intervention, but asserted that the grounds he had stated would be urged as a defense at the trial. Counsel representing Allen then moved to suppress any evidence on such a defense. The pretrial order permitted appellee to assert its claim for subrogation, struck appellee's allegations of negligence and confined the intervention to trial of issues of negligence alleged in appellant's complaint and its alleged right of subrogation, and directed appellant and her counsel to make no reference in the course of trial to liability insurance carried by the Allen Construction Company.

At the commencement of the trial, the court, on appellant's motion in limine, prohibited the tortfeasor's counsel from asking jurors on voir dire about any workmen's compensation claim, but not from stating that the Hartford Group had intervened seeking part of any recovery of Mrs. Burt and then inquiring about any interest that any juror might have in the Group. At this time, appellee's counsel on the intervention called attention to the fact that appellant had failed to answer its request for admissions and they were then admitted.

A pretrial discovery deposition of D. T. Allen showed that both appellant's counsel and appellee's counsel on the intervention had addressed inquiries to the witness. It is admitted that appellee's attorney on the intervention did not interfere with appellant and her counsel in the trial of the case or take any step prejudicial to appellant's rights.

Sustaining appellant's argument would result in a windfall to her because of the fortuitous circumstance that the same insurance company was appellant's employer's

workmen's compensation carrier and the tortfeasor's liability carrier. We find nothing in the letter or spirit of our Workmen's Compensation Act to indicate any such result. Appellant admits inability to furnish statutory or case authority to support her position and we know of none. Appellant directs our attention to a statement at 2 Larson 226.83, § 74.16 (1970), included in a discussion of the problems raised by subrogation statutes and the importance of the statute's affording both the employee and carrier a fair opportunity to press a damage suit against a third-party tortfeasor, if the other neglects to do so. The statement quoted simply recognized that the problem of providing an opportunity and an incentive to both employee and carrier is aggravated by the increasing prevalence of conflicts of interest when a carrier is the injured claimant's subrogee and the defendant's liability insurance carrier. Nowhere do we find a passage where Professor Larson indicates that subrogation should not be allowed under these circumstances.

Appellant argues that dangerous consequences are inherent because cooperation between the claimant and carrier would be virtually impossible, the attorney for the claimant could not represent both parties and the insurance company gains a windfall. We do not understand how a windfall to the insurance company would result. Other fears of appellant can be appropriately alleviated by judicial action. We find the holding in *Varney* v. *Taylor,* 71 N.M. 444, 379 P. 2d 84 (1963) pertinent and in harmony with our decisions and the provisions of our workmen's compensation statute. There the New Mexico Supreme Court reversed a trial court decision to deny the right of intervention under these circumstances, all the while recognizing the employee-plaintiff's understandable disturbance at the prospect of an unwanted and uninvited guest at the counsel table. That court held that the carrier's intervention should be permitted but only under such circumstances as would protect the rights of all parties to the litigation. The court felt that the issue had been satisfactorily treated in a previous case by granting a summary judgment in favor of the intervenor which was not to be made a matter of record until the trial

was complete. The New Mexico court said that the intervention in these circumstances should not be made final but the carrier should be precluded from participating as a party plaintiff in the interim. The action of the trial court here was substantially in accord with that holding and was appropriate under the circumstances. Of course, if the claimant gives proper recognition to the carrier's subrogation rights and stipulates its right to a lien, there is no reason why the claimant's attorney cannot proceed with a trial against a third-party tortfeasor without interference by the carrier or its attorney.

It is conceded that counsel for appellant prepared the case against the tortfeasor, made the opening statement and closing arguments, examined all witnesses and prepared and presented all jury instructions proposed on behalf of appellant. The intervenor's attorney's only participation in the actual trial was in the reading of a deposition. When appellee moved for enforcement of its subrogation lien against the proceeds of the judgment, appellant continued to resist. In the alternative, appellant sought to have attorney's fees amounting to one-third of the total amount of appellee's workmen's compensation payments allowed as part of the reasonable costs of collection allowed by statute. Appellant contends that Hartford should bear a part of the attorney's fees for this recovery because the conflict of interest prevented cooperation between counsel.

We have held that it is proper for the court before which a tort action resulting in a judgment in favor of an injured employee has been tried to determine the reasonable costs of collection to be deducted from the amount to be paid to the intervening carrier which has paid compensation benefits to the employee. *Winfrey & Carlile* v. *Nickles,* 223 Ark. 894, 270 S.W. 2d 923. In that case, we recognized that in the usual situation the question of allowance of fees to the employee's attorney as part of the costs of collection would not likely arise, because the intervening carrier would either retain the employee's counsel for a fee mutually agreed upon or would employ another attorney of its own choice. Thus, we said, the court would simply apportion the recovery, leaving each

to pay his own attorney. We added that in the normal situation the carrier would incur liability for an attorney's fee in the course of pursuing the tortfeasor. We recognized, however, that the normal situation does not prevail when the carrier has a conflicting interest as the tortfeasor's liability carrier, because there is little likelihood that the carrier will engage the employee's attorney or that the attorney employed by the carrier will be of assistance to the injured party's counsel. We found no error in the allowance of attorney's fees on the carrier's share of the recovery under the circumstances there.

Quite a different situation prevailed here, however. Appellant took, and still maintains, an adamant position that the carrier had no rights in the matter at all, and no lien on her recovery. This theory does not seem to have even been suggested in *Nickles* and certainly was not an issue on appeal, as it is here. Appellant concedes that appellee was forced to employ an attorney to assert its rights because of her opposition to its intervention. Even though the actual participation of appellee's counsel on its intervention after the trial commenced was not substantial and even if it be conceded that there was no cooperation between appellant's and appellee's attorneys, appellant's action certainly jeopardized the appellee's right to subrogation and necessitated not only the presence of appellee's attorney, but a zealous attention to the protection of his client's rights from the filing of the third-party suit until now. This is not a case of the carrier's accepting the benefits of the services of the employee's attorney without any necessity for the employment of an attorney by it or its choosing to depend upon the efforts of the employee's attorney without taking any part in the proceedings whatever. In view of the circuit judge's superior ability to evaluate the situation (which we emphasized in *Nickles*), we cannot say that he committed error in regard to the costs of collection allowed.

Appellant also contends that, under Ark. Stat. Ann. § 81-1340 (Repl. 1960), Hartford was not entitled to more than the two-thirds of the amount of benefits paid by it. We cannot so read the statute. Arkansas Statutes Annotated § 81-1340 (a) (1) clearly provides that an intervening

employer or carrier shall be entitled to a lien upon two-thirds "of the net proceeds recovered in such action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee. . . " Arkansas Statutes Annotated § 81-1340 (a) (2) provides that one-third of the remainder of the amount recovered by the employee, after deduction of reasonable costs of collection, shall belong to the injured employee, and the remainder, or so much thereof as is necessary, goes to discharge the actual amount of the liability of the carrier with any excess belonging to the employee. The language of the statute rejects appellant's argument.

The judgment is affirmed.

JONES J., dissents insofar as the decision relates to the denial of attorney's fees as part of the cost of collection.