WILEY EMBERTON, Plaintiff-Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *et al.*, Defendants.—(UTLEY-JAMES CORPORATION, Intervenor-Appellee.)

Third District   No. 79-815

Opinion filed June 13, 1980.

James Walker, of Bloomington, for appellant.

William F. Costigan, of Costigan & Wollrab, of Bloomington, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County against the plaintiff-appellant, Wiley Emberton, and in favor of the intervenor-appellee, Utley-James Corporation. Plaintiff was injured on May 28, 1971, while employed by Utley-James in the construction of the new corporate headquarters of State Farm Mutual Automobile Insurance Company in Bloomington, Illinois. Utley-James was the general contractor for the construction. Ellerbe Associates, Inc., was engaged by State Farm as the architect. The contract between Utley-James and State Farm provided that Utley-James would indemnify State Farm and Ellerbe against all claims arising out of the work which was caused in whole or in part by any negligent act of Utley-James or anyone directly or indirectly employed by them.

Plaintiff filed a claim before the Industrial Commission in September 1971, naming Utley-James as respondent. The arbitrator made an award of complete permanent disability on November 2, 1972. Upon petition for review by Utley-James, the Commission affirmed the award of the arbitrator on November 2, 1973. Subsequently, Fireman's Fund, Utley-James' workmen's compensation insurance carrier, paid plaintiff the award.

On May 24, 1973, plaintiff filed an action in the circuit court of Peoria County seeking recovery for the injuries he suffered May 28, 1971, and naming State Farm and Ellerbe as defendants. The complaint alleged that

both defendants violated the Structural Work Act and were guilty of negligence. Ellerbe filed a third-party complaint against Utley-James alleging indemnification based upon active-passive conduct and contractual indemnity. State Farm also filed a third-party complaint seeking indemnity against Utley-James on the same grounds.

Utley-James filed motions to dismiss the third-party complaints. Those motions were denied. Utley-James, through its attorney, William Costigan, assumed the defense of State Farm and Ellerbe, and the third-party complaints were dismissed by agreement. The case was tried before a jury and resulted in a verdict against both State Farm and Ellerbe in the amount of $36,500. The case was appealed, and the Illinois Supreme Court ultimately granted judgment on the verdict and re-manded the case to the circuit court.

After the matter was remanded to the circuit court, Utley-James was granted leave to intervene to claim a subrogation interest in the judgment for the past and future benefits paid or due as a result of the workmen's compensation award as permitted under section 5(b) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b).) Plaintiff filed a response to the petition denying that Utley-James or Fireman's Fund was entitled to any subrogation. The court held for the intervenor, and plaintiff filed this appeal.

Section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b)) provides that:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid * * * then from the amount received by such employee * * * there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee * * *.

* * *

If the injured employee * * * agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party."

In the instant case, the plaintiff is an employee injured under

circumstances which a jury held created legal liability for damages on the part of State Farm and Ellerbe, who were not plaintiff's employers. A judgment was obtained. Under the statute, the plaintiff's employer, Utley-James, is entitled to reimbursement for the amount it paid to him originally. To so recover, the statute provides that the employer may claim a lien upon the judgment.

Fireman's Fund was Utley-James' insurer for workmen's compensation and for general liability. Fireman's Fund paid plaintiff's workmen's compensation claim and, as Utley-James' general liability insurer, must pay the judgment against Utley-James. The circuit court followed the statute and, since Utley-James was entitled to a refund of money paid, permitted a set-off of the money Fireman's Fund had already paid as workmen's compensation against the judgment.

■■ Plaintiff contends that despite the statute, intervenor is not entitled to subrogation and advances two arguments in support of this contention. We find neither argument persuasive. Plaintiff's first argument is that there should be no subrogation because an insurer has no right of subrogation against its insured and cites several cases for this proposition. The problem with this argument is that Fireman's Fund is not the insurer of State Farm and Ellerbe. Plaintiff contends that Fireman's Fund took two affirmative steps, either of which made State Farm and Ellerbe "insureds" under the policy. First, Fireman's Fund assumed the defense of State Farm and Ellerbe during the course of litigation and prior to trial. We do not believe that this action transforms State Farm and Ellerbe into insureds. Utley-James was contractually liable to defend State Farm and Ellerbe. When Fireman's Fund took charge of the defense, they were doing so on behalf of Utley-James. Utley-James was the insured, not State Farm and Ellerbe.

The second step which plaintiff relies on is that after the trial, Fireman's Fund petitioned for a stay of the execution of plaintiff's judgment and in its petition stated "the liability of the Defendants is subject to an insurance policy, and your Defendants pray that an Order be entered by this Court staying the execution of said judgment and permitting the policy of insurance issued by Fireman's Fund to be filed pursuant to the provisions of Chapter 73, Section 1004.1, Illinois Revised Statutes." Plaintiff claims this language shows State Farm and Ellerbe were insureds of Fireman's Fund. We disagree. The insurance policy issued by Fireman's Fund which is referred to is a policy between Fireman's Fund and Utley-James. Plaintiff has failed to show us any contract provision under which State Farm and Ellerbe could be considered to be insureds. The language stating "the liability of the Defendants is subject to an insurance policy" is true solely because Utley-James is an insured of Fireman's Fund. State Farm and Ellerbe are

relieved of liability because of their contract with Utley-James, not because they had an insurance contract with Fireman's Fund. The most that can be said of State Farm and Ellerbe is that they were incidental beneficiaries of the insurance contract between Utley-James and Fireman's Fund. As we stated before, we have been shown no contract provision under which State Farm and Ellerbe could be considered to be insureds. Because State Farm and Ellerbe are not insureds, the cases cited by plaintiff regarding the inapplicability of subrogation between insurers and their insureds are inapposite.

■■ Plaintiff's second argument is that because Fireman's Fund defended against the action and handled the subsequent unsuccessful appeal, they should not be able to claim a subrogation interest in the plaintiff's recovery. The crux of this argument is that it would be inequitable for Fireman's Fund to try to prevent plaintiff from recovering and then claim a subrogation interest in the resultant verdict for the plaintiff. We find this argument unpersuasive. Fireman's Fund was explicitly entitled to a lien on the judgment by statute. Plaintiff has failed to show how he has been harmed by the fact that Fireman's Fund handled the defense as a general insurer. Plaintiff did not suffer from a conflict of interest. He had his own attorney, who did a capable job in handling his suit. If plaintiff's position was followed, he would enjoy a double recovery. Plaintiff concedes this, but argues that this is preferable to permitting Fireman's Fund a subrogation interest because it is a "wrongdoer." The trouble with plaintiff's position is that there is no evidence of wrongdoing by Fireman's Fund which would justify allowing plaintiff a double recovery.

Other considerations also mandate our decision to permit Fireman's Fund a subrogation interest. Many large employers have both their workmen's compensation and general liability insurance with the same company. To adopt plaintiff's argument would prohibit any employer who had workmen's compensation and general liability insurance with the same company from assuming the defense of a third party whom the company must contractually indemnify. In the instant case, two trials would have been necessary instead of one. There would have been a trial on the original complaint and then a second trial on the issues developed in the third-party complaint. In the absence of any harm to the plaintiff we see no reason to needlessly complicate the litigation.

In summation, we find no reason why the statute giving the intervenor a lien on the judgment should not be applied. Therefore, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.