S.W.2d 54, 57 (1953), in both of which it is recognized that Sec. 54 refers to actions in tort.[7] In a subrogation suit, of course, the plaintiff asserts the rights of his subrogor, but in an action for indemnity he sues in his own right, and upon a basis even more tenuous than an implied contract.

In amplifying the reasons for our conclusion that the judgment of the trial court was correct we do not mean to imply any criticism or disapproval of the opinion of the Court of Appeals. We are particularly in agreement with the observation that it "is not unreasonable to hold that an insurer who elects to do business in the state also impliedly consents to be bound by the statutes regulating the industry."

The decision of the Court of Appeals affirming the judgment of the trial court is affirmed.

All concur.

PALMORE, Chief Justice.

The respondent insurance carrier, having paid two workers' compensation claims totalling $986.95, brought suit against an alleged third-party tortfeasor for indemnity. The suit was dismissed because the amount of the claim fell below the threshold limit fixed by KRS 304.39–060(2)(b), a part of the "no-fault" Motor Vehicle Reparations Act. The circuit court affirmed, but the Court of Appeals in an unpublished opinion reversed on the theory that the insurance company has an independent common-law right of indemnity which cannot be abolished by statute.

The fundamental issue is the same as in *Fireman's Fund Insurance Company v. Government Employees Insurance Company*, Ky., 635 S.W.2d 475, decided today. Our decision in that case requires a reversal in this one.

The decision of the Court of Appeals is reversed and the judgment of the circuit court affirming the trial court is affirmed.

All concur.

**James R. GAYLE, Movant,**

**v.**

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.**

Supreme Court of Kentucky.

July 6, 1982.

John G. Crutchfield, Ewen, MacKenzie & Peden, Louisville, for movant.

C. Dant Kearns, Robert G. Breetz, Stites, McElwain & Fowler, Louisville, for respondent.

**UNITED DRY FORCES, et al., Appellants,**

**v.**

**CITIZENS FOR A PROGRESSIVE COMMUNITY, etc., et al., Appellees.**

Supreme Court of Kentucky.

July 6, 1982.

7. The choice of words in *Happy v. Erwin*, Ky., 330 S.W.2d 412, 413 (1959), attributing to *Ludwig v. Johnson*, 243 Ky. 533, 534, 49 S.W.2d 347, the principle that "the objective of section 14 was to preserve those jural rights which had become well established prior to the adoption of the Constitution", was overly broad. The actual holding of *Ludwig* is that the intention of the Constitution was "to inhibit the Legislature from abolishing rights of action for damages *for death or injuries caused by negligence.*" (Emphasis added.) 49 S.W.2d @ 350.