OLD REPUBLIC INSURANCE
COMPANY, Appellant,

v.

Annis ASHLEY, Individually and in her
capacity as Administratrix of the Es-
tate of Dillard Ashley; Jewelene Cen-
ters, Individually; Jewelene Centers
and Patricia Collins as Administratric-
es of the Estate of Tommy Centers;
Beulah Gibson, Individually and as Ad-
ministratrix of the Estate of James E.
Gibson; Sandra Perry, Individually
and as Administratrix of the Estate of
Clarence Perry; Verna Perry, Individu-
ally and as Administratrix of the Estate
of Roy Perry; Ora Slone, Individually
and as Administratrix of the Estate of
Bobby Slone; and Clara Slone, Individ-
ually and as Administratrix of the Es-
tate of David Slone, Appellees.

Annis ASHLEY, Individually and in her
capacity as Administratrix of the Es-
tate of Dillard Ashley; Jewelene Cen-
ters, Individually; Jewelene Centers
and Patricia Collins, Individually and
as Administratrices of the Estate of
Tommy Centers; Beulah Gibson, Indi-
vidually and as Administratrix of the
Estate of James E. Gibson; Sandra Per-
ry, Individually and as Administratrix
of the Estate of Clarence Perry; Ora
Slone, Individually and as Administra-
trix of the Estate of Bobby Slone, Ap-
pellants,

v.

OLD REPUBLIC INSURANCE
COMPANY, Appellee.

Court of Appeals of Kentucky.

Dec. 12, 1986.

**56**

Timothy C. Wills, Anne A. Chesnut, Vimont & Wills, Lexington, for Old Republic Ins. Co.

Joseph A. Yablonski and Charles A. Both, Yablonski, Both and Edelman, Washington, D.C., William R. Weinberg, Weinberg and Campbell, Hindman, L. Thomas Galloway, Galloway and Greenberg, Washington, D.C., for Annis Ashley, Jewelene Centers, Patricia Collins, Beulah Gibson, Sandra Perry, Verna Perry, Ora Slone and Clara Slone.

Before COOPER, DUNN and WILHOIT, JJ.

WILHOIT, Judge.

These appeals are from final judgments in the litigation concerning the December 7, 1981 mine explosion near Topmost in Knott County, Kentucky. Old Republic Insurance Company appeals from a judgment denying its claim for subrogation on workers' compensation benefits paid prior to a date agreed by the parties to temporarily suspend compensation benefits. The appellants in the second appeal, widows and administratrices of five coal miners killed in the explosion, appeal from a judgment permanently suspending workers' compensation benefits.

The Topmost mine explosion killed eight coal miners. The widows and survivors of seven decedents filed a wrongful death action in Knott Circuit Court against Orville Adkins, Dixie Adkins, Adam Adkins, and Sally Adkins, d/b/a Adkins Coal Company, the licensees of the mine where the explosion occurred. Island Creek Coal Company, which subleased the mineral rights, provided engineering services, and purchased all the coal produced at the mine, was also joined as a defendant. Island Creek impleaded Incoal, Inc., the decedents' employer, as third party defendant. Incoal, Inc., was owned by the Adkinses. Old Republic Insurance Company carried liability insurance for Adkins Coal Company and workers' compensation insurance for Incoal, Inc.

Within the first year of litigation, Old Republic moved to intervene to assert its statutory right of subrogation for the workers' compensation benefits it was paying to the decedents' dependents. The plaintiffs and Island Creek objected to intervention by Old Republic, and an agreed order was entered holding the motion to intervene in abeyance until the action was settled or tried to verdict. Massive discovery ensued, and numerous motions were filed and argued before the circuit court. The seventy-six volume record on appeal attests to the great extent this action was litigated.

Settlement negotiations between the Adkinses, Old Republic, and the plaintiffs culminated in a settlement January 18, 1985. The settlement agreement provided, among other things, for the payment of the $1,000,000 liability insurance policy limit by Old Republic, payment of $300,000 by the Adkinses (in three payments), and assignment of Orville Adkins's rights under his excess coverage insurance policy. The agreement further provided as follows:

2. With respect to payments made by Old Republic as Workmen's Compensation carrier as a result of the deaths of

the decedents, we have agreed as follows:

    a. With respect to those payments made on or before thirty (30) days after the date hereof, any entitlement Old Republic may have to subrogation is waived to the extent that the amount of any verdict or settlement Plaintiffs obtain from or against Island Creek does not exceed $2,000,000. To the extent that any settlement or judgment against Island Creek exceeds $2,000,000 the amount previously paid as compensation benefits shall be repaid at the rate of $.50 on each $1.00 beyond $2,000,000.

    b. With respect to the payment of future benefits payable more than thirty (30) days from the date hereof, such will be suspended (if all of the conditions of paragraph 1 hereof have been satisfied) pending final resolution by Judge Knight (subject to any appellate review) as to Old Republic's entitlement to subrogation under the circumstances of this case, which by the agreement of the parties shall be decided by cross motions for summary judgment which both parties agree to pursue expeditiously.

Questions regarding the meaning of any provision of the agreement were to be submitted to the circuit court.

The plaintiffs reached a settlement with Island Creek January 25, 1985. Island Creek agreed to pay $1,000,000 within twenty-one days of the agreement and to arrange for the purchase of annuities having a guaranteed payout of $1,680,000 over twenty years, and an estimated yield of $2,853,000. The present value of the annuities was $732,000. After the plaintiffs settled with Island Creek, Old Republic requested reimbursement of the past workers' compensation benefits. The plaintiffs refused to reimburse Old Republic.

Old Republic's motion to intervene was granted by an agreed order February 23, 1985. The February 23, 1985 order also suspended payment of workers' compensation benefits as of February 18, 1985. The plaintiffs and Old Republic filed memoranda supported by affidavits on the issue of Old Republic's right to subrogation for past compensation payments. After hearing argument on this issue, the circuit court entered an order adjudicating the plaintiffs' settlement with Island Creek did not exceed $2,000,000, and that Old Republic waived its right to subrogation for past benefits. This order was made final April 20, 1985, and Old Republic appeals from the final order.

Old Republic and the plaintiffs filed motions for summary judgment and memoranda with affidavits on the issue of Old Republic's right to subrogation for workers' compensation benefits payable after February 18, 1985. The circuit court entered judgment August 14, 1985, granting Old Republic subrogation for future compensation benefits. The widows and administratrices of five decedents appeal from the August 14, 1985 judgment.

## I. OLD REPUBLIC'S APPEAL

Old Republic appeals from the circuit court judgment denying its claim to subrogation for past workers' compensation benefits. Old Republic agreed to waive subrogation to the extent the "amount of any verdict or settlement plaintiffs obtain from Island Creek does not exceed $2,000,000." The plaintiffs' settlement with Island Creek had a guaranteed payout of $2,680,000 over a twenty-year period, and a present value of $1,732,000. The circuit court determined that the plaintiffs' settlement with Island Creek did not exceed two million dollars and that Old Republic waived its rights to subrogation for past compensation benefits.

    The arguments of Old Republic are based upon general contract law: 1) the settlement agreement was clear and unambiguous, and the circuit court erred by failing to enforce it according to its terms; 2) any ambiguity which may be found in the agreement must be resolved against the plaintiffs because it was drafted by their attorney; and 3) the circuit court erred by supplying additional terms ("present val-

ue") to the contract. The plaintiffs respond by asserting that the proper valuation as a matter of law of a structured settlement is present value, and that the circuit court properly interpreted the settlement agreement by incorporating the concept of present value.

Obviously, there would be no dispute if the plaintiffs' claim against Island Creek was tried to a verdict or settled for a lump sum amount. As it happened, the plaintiffs entered into a structured settlement with Island Creek. The Old Republic settlement agreement was silent as to the effect of a structured settlement with Island Creek, and the parties acknowledged at oral argument of these appeals that the possibility of a structured settlement with Island Creek was not considered.

■ While the circuit court did not state whether it found the contract in question to be ambiguous, the appellate court may affirm the judgment if the record on appeal discloses any ground on which the decision could properly have been made. *Wood v. Corman*, 307 Ky. 580, 211 S.W.2d 424 (1948). It is generally recognized that if a contract is silent on a certain point, the law will imply an obligation to carry out the purpose for which the contract was made. *Warfield Natural Gas Co. v. Allen*, 248 Ky. 646, 59 S.W.2d 534 (1933). Terms are implied in a contract to give the contract the effect the parties would have agreed on if they would have considered the possibility of subsequent events. *Slade v. City of Lexington*, 141 Ky. 214, 132 S.W. 404 (1910). The parties conceded they did not contemplate a structured settlement with Island Creek, and we are of the opinion that the circuit court was correct in taking into account the present value of the Island Creek settlement.

■ At the time the plaintiffs settled with Island Creek, they received a cash payment of $1,000,000 plus the present cash value of the future payments under the annuities. This reasoning was used by the Minnesota Supreme Court in *Hagen v. Venem*, 366 N.W.2d 280 (Minn.1985), where the Court defined "proceeds" and "total

proceeds received" as found in their state's workers' compensation subrogation statute, when recovery from a third party results in a structured settlement. The Court held that a structured settlement must be reduced to its present value, noting that present value "reflects the amount of money the third party tortfeasor would have to pay the employee immediately for the amount ultimately paid out under the settlement to accrue under an annuity plan." *Hagen, supra.* Other jurisdictions which have addressed the effect of structured settlements on subrogation claims and the rights of nonsettling joint tortfeasors have adopted the present value approach. *See, e.g., General Motors Corp. v. Reagle*, 714 P.2d 176 (Nev.1986); *Franck v. Polaris E–Z Go Div. of Textron, Inc.*, 157 Cal.App.3d 1107, 204 Cal.Rptr. 321 (1984). The present value approach is also used in determining the amount of attorney's fees in a contingent fee arrangement when recovery results in a structured settlement. *See, e.g., Donaghy v. Napoleon*, 543 F.Supp. 112 (D.N.J.1982); *Merendino v. FMC Corp.*, 181 N.J.Super. 503, 438 A.2d 365 (Law Div.1981).

The prevailing law is that a structured settlement should be valued at its present cash value. The circuit court did not err by determining the amount of the plaintiffs' settlement with Island Creek was less than $2,000,000, and that Old Republic waived its rights to subrogation for past benefits. The circuit court judgment of April 20, 1985 is therefore affirmed.

## II. THE ASHLEY APPEAL

Widows and administratrices of five decedents appeal from the circuit court judgment granting Old Republic's right to subrogation pursuant to KRS 342.700(1) for future compensation benefits by permanently suspending the payment of benefits. In the settlement agreement between the plaintiffs, the Adkinses, and Old Republic, the parties agreed to temporarily suspend workers' compensation payments pending resolution of Old Republic's claim to subro-

gation for future compensation benefits. The plaintiffs' settlement with the Adkinses and Old Republic included payments of the $1,000,000 liability policy limit and $300,000 in three installments. The Island Creek settlement included a $1,000,000 cash payment and annuities with a present value of $732,000, and a guaranteed payout of $1,680,000 over twenty years. The claims manager for Old Republic estimated future workers' compensation benefits to the decedents' dependents as $450,000.

The plaintiffs argue that equitable principles should bar Old Republic's rights to subrogation because Old Republic, as liability insurer for Adkins Coal Company, fought against any recovery by the plaintiffs, and that Old Republic should not benefit from the wrongs of its insureds. The plaintiffs further assert that they have not been compensated for all their losses, and no double recovery would result if subrogation were denied.

KRS 342.700(1) provides in pertinent part as follows:

> Remedies when third party is legally liable. (1) Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. . . .

■ The policy behind KRS 342.700(1), that an injured employee should not recover from both the workers' compensation carrier and a third-party tortfeasor, has long been recognized by Kentucky courts. *Davis v. Buley*, Ky.App., 634 S.W.2d 161 (1982). A workers' compensation carrier will be granted subrogation on those elements of a recovery against a third party which duplicates the elements covered by

workers' compensation. *Mastin v. Liberal Markets*, Ky., 674 S.W.2d 7 (1984); *Hillman v. American Mutual Insurance Co.*, Ky., 631 S.W.2d 848 (1982).

■ The plaintiffs assert that Old Republic's conflict of interest as workers' compensation carrier for the decedents' employer and liability insurer for a defendant in the wrongful death action should bar it from claiming a credit against the recovery. As no Kentucky case addresses a conflict of interest carrier's right to subrogation pursuant to KRS 342.700(1), the plaintiffs point to cases from other jurisdictions to support their argument. In *Baio v. Commercial Union Insurance Co.*, 410 A.2d 502 (Del.1979), the court stated that when an insurer has a conflict of interest, its conduct and right of recovery is governed by equitable principles. The insurer in *Baio* was denied subrogation because it used the employee's statement gained as compensation carrier to defend the action on behalf of its third-party insured. The employer in *Brown v. Leighton*, 434 N.E.2d 176 (Mass.1982), did not procure workers' compensation insurance. The injured employee filed separate actions and recovered, against the employer and third-party tortfeasor. The employer, which refused or neglected to obtain compulsory workers' compensation insurance, was denied its claim to share in the recovery against the third party. The court stated to allow subrogation would defeat the legislative purpose of workers' compensation.

While it is recognized that a court may intervene to prevent undesirable consequences from a conflict of interest carrier, *see* 2A A. Larson, *The Law of Workmen's Compensation* § 74.16(e) 1983, we see no reason to do so in this case. The plaintiffs have not pointed to overreaching, duress, or misrepresentation by Old Republic. Indeed, the plaintiffs concede that the defense provided by Old Republic was "ethically proper and within the bounds of legitimate advocacy." The plaintiffs were represented by their own attorneys. We be-

lieve this case falls within the authorities cited by Old Republic allowing subrogation to a conflict of interest carrier. *See Emberton v. State Farm Mutual Automobile Insurance Co.*, 85 Ill.App.3d 247, 40 Ill. Dec. 518, 406 N.E.2d 219 (1980); *Olson v. Horton,* 258 N.W.2d 610 (Minn.1977); *Burt v. Hartford Accident & Indemnity Co.*, 252 Ark. 1236, 483 S.W.2d 218 (1972). We see nothing in the record which shows that Old Republic's attorneys did anything which another attorney would not do in defending a wrongful death action of this magnitude.

The plaintiffs also argue that Old Republic should not be allowed to profit from the wrongs of its insureds, citing *Burrell v. Electric Plant Board of Franklin, Ky.*, Ky., 676 S.W.2d 231 (1984). *Burrell* held that KRS 342.690(1), the "exclusive remedy" section of the Workers' Compensation Act, does not prohibit a third party from claiming contribution or indemnity against an employer. The question of the effect of an employer's negligence on its statutory right of subrogation was not before the court in *Burrell*. We note, however, that the court did not suggest that an employer's negligence does not foreclose its right to subrogation.

Finally, the plaintiffs assert that their settlements did not fully compensate them for their losses, and that "double recovery" would not result if subrogation were denied. Other than the circuit court approval of the settlements, there is no adjudication of the value of the plaintiffs' damages. Future compensation benefits were estimated at $450,000, and the plaintiffs received over two million dollars at the time of the settlements. The plaintiffs are further guaranteed payments of $1,680,000. Old Republic is entitled to a credit for future benefits against the settlement proceeds. *Hillman,* 631 S.W.2d at 850.

The circuit court judgment of August 14, 1985 is affirmed.

All concur.