TANYA KOSHEL, Plaintiff-Appellant and Cross-Appellee, v. PUBLIC BUILDING COMMISSION OF THE CITY OF CHICAGO *et al.*, Defendants (The County of Cook, Intervening Petitioner-Appellee and Cross-Appellant).

First District (4th Division)   Nos. 1—89—0186, 1—89—0562 cons.

Opinion filed May 24, 1990.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy, Thomas A. Demetrio, and Francis P. Murphy, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry, Myra J. Brown, and Frank J. Oles, Assistant State's Attorneys, of counsel), for appellee.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Tanya Koshel (Koshel) appeals from the trial court's denial of her motion to strike the workers' compensation lien filed by the County of Cook (Cook County) in Koshel's personal injury suit. We affirm.

The record reveals the following pertinent evidence. Koshel filed a personal injury suit against the Public Building Commission of the City of Chicago and others, for injuries she sustained when she slipped and fell on a newly waxed floor at the Daley Center. At the time of her injuries, Koshel was working for the clerk of the circuit court of Cook County (the Clerk). In addition to her personal injury suit, Koshel also sought workers' compensation benefits from the Clerk. Cook County paid these benefits to Koshel pursuant to her workers' compensation action against the Clerk. Koshel eventually settled her personal injury suit and Cook County consented to this settlement. Thereafter Cook County sought a workers' compensation lien on Koshel's personal injury settlement, in order to recover the workers' compensation benefits Cook County had previously paid to Koshel.

Koshel moved to strike Cook County's request for a workers' compensation lien on the grounds that at the time of her injuries, she was employed by the Clerk, and that as a result, Cook County was not her employer under the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.2). Koshel also claimed that Cook County had no statutory obligation to pay, on behalf of the Clerk, the amounts due Koshel in workers' compensation. In addition, Koshel argued that Cook County had no right of subrogation with respect to the funds paid by Cook County to her. Koshel renews these arguments on appeal from the trial court's denial of her motion to strike.

We need not and do not decide whether Cook County was Koshel's employer at the time of her injuries for purposes of workers' compensation liability. Assuming *arguendo* that Cook County was not

Koshel's employer under the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.2), Cook County nevertheless had a right of subrogation to recover the funds Cook County paid to Koshel in workers' compensation.

■ Koshel argues that Cook County is not entitled to subrogation because it had no legal obligation to pay the workers' compensation claim on behalf of the Clerk of the circuit court. As a general rule, "when one who is not acting as a mere volunteer or intruder pays a debt for which another is primarily liable and which in equity should have been discharged by the latter, the doctrine of subrogation applies." (*King v. King* (1978), 57 Ill. App. 3d 423, 427, 373 N.E.2d 666.) Illinois courts have "stressed *** the necessity for a legal liability to exist in order to invoke the subrogation doctrine." *Inland Real Estate Corp. v. Tower Construction Co.* (1988), 174 Ill. App. 3d 421, 431, 528 N.E.2d 421.

■ Cook County asserts that it has a legal obligation to pay the workers' compensation benefits owed by the Clerk pursuant to section 27.3 of "An Act to revise the law in relation to clerks of courts" (Clerks of Courts Act), which states in pertinent part:

> "The county board shall provide the compensation of Clerks of the Circuit Court, and the amount necessary for clerk hire, stationery, fuel and other expenses." Ill. Rev. Stat. 1989, ch. 25, par. 27.3.

In our view, workers' compensation benefits fall within the purview of this statutory provision. Cook County is the entity responsible for the payment of salaries and related expenses of the Clerk and the Clerk's employees. (See *Orenic v. Illinois State Labor Relations Board* (1989), 127 Ill. 2d 453, 475-76, 537 N.E.2d 784.) In our opinion, the "other expenses" referred to in the Clerks of Courts Act include the payment of workers' compensation benefits to the Clerk's employees. Consequently, Cook County had a legal obligation to pay the amounts of workers' compensation benefits owed by the Clerk to the Clerk's employees.

Koshel also asserts that Cook County is not entitled to subrogation from Koshel because the payments made by Cook County were intended to benefit the Clerk of the circuit court, and were not intended to benefit Koshel. To support this assertion, Koshel relies upon *Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 389 N.E.2d 211, and *In re Estate of Hammond* (1986), 141 Ill. App. 3d 963, 491 N.E.2d 84. In both of these cases, the courts held that medical insurers of parents had no right of subrogation against proceeds received by the estates of the parents' chil-

dren. The courts reasoned that the insurers' payments had been made to satisfy debts of the parents to third parties and that the minors' estates received no benefit from the insurers' payments on behalf of the parents. The instant cause bears no factual resemblance to either of the decisions upon which Koshel relies, and they are inapposite to the case at bar.

■ Koshel also appears to argue that Cook County has no right to subrogation because the Workers' Compensation Act expressly permits only the employer to obtain a lien upon an employee's recovery from a third party for injuries which formed the basis of the employer's workers' compensation payment to the employee. (See Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b).) However, Illinois decisions have permitted third parties, other than the employer, to obtain a workers' compensation lien based upon principles of subrogation. (See, *e.g.*, *Brandt v. John S. Tilley Ladders Co.* (1986), 145 Ill. App. 3d 304, 495 N.E.2d 1269; *Emberton v. State Farm Mutual Automobile Insurance Co.* (1980), 85 Ill. App. 3d 247, 406 N.E.2d 219; *Employers Mutual Casualty Co. v. Trimon Elevator Co.* (1966), 71 Ill. App. 2d 124, 217 N.E.2d 391.) We can discern no sound reason to deviate from this precedent in the case at bar, and Koshel has offered none.

For these reasons, we affirm the trial court's denial of Koshel's motion to strike Cook County's workers' compensation lien.

■ In a cross-appeal, Cook County seeks reversal of the trial court's denial of Cook County's motion for sanctions under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611). Cook County argues that section 2—611 sanctions should have been entered against Koshel because Koshel's attempt to strike Cook County's workers' compensation lien was not "well grounded in *** law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—611.) Based upon our review of the record, we cannot say that trial court's denial of Cook County's sanction motion was an abuse of discretion, since the instant cause involves, in significant part, a question of first impression with respect to Cook County's legal obligation to pay workers' compensation benefits on behalf of the Clerk. See generally *Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 532 N.E.2d 595.

For the reasons stated, the orders of the circuit court of Cook County are affirmed.

Affirmed.

LINN and JIGANTI, JJ., concur.