Jennifer Anne **WEINBERG**
and **Herschel Weinberg**

v.

Cynthia M. **CRENSHAW.**

No. 93–CA–002147–MR.

Court of Appeals of Kentucky.

March 31, 1995.

As Modified April 7, 1995.

John R. Martin, Jr., Louisville, for appellants.

Michael J. Darnell, Louisville, for appellee.

Before EMBERTON, HUDDLESTON and McDONALD, JJ.

## OPINION AFFIRMING

EMBERTON, Judge.

This appeal involves a workers' compensation claim which resulted from injuries sustained in an automobile accident with a third party, Jennifer Weinberg, while driving a vehicle owned by her father, appellant, Herschel Weinberg.

Ms. Crenshaw was an employee of the Jefferson County Fiscal Court and was operating her vehicle within the scope of her employment when she was struck by a vehicle driven by Ms. Weinberg. Ms. Crenshaw filed a civil suit against the Weinbergs in Jefferson Circuit Court on July 12, 1988. The issue of whether this action was barred by the statute of limitations was presented to the trial court which granted summary judgment in favor of the Weinbergs. That issue was later reviewed by the Kentucky Supreme Court and resolved in favor of Ms. Crenshaw. *Crenshaw v. Weinberg,* Ky., 805 S.W.2d 129 (1991).

Meanwhile, Ms. Crenshaw pursued her workers' compensation claim which she eventually settled with the Jefferson County Fiscal Court and the Special Fund. Although a settlement had been entered, a dispute later arose as to the extent and duration of Ms. Crenshaw's compensation. A "Supplemental Final Agreement as to Compensation" was entered on February 10, 1990. That document provided that:

> As a further inducement for Plaintiff Cynthia Crenshaw to enter into this Settlement Agreement, Jefferson County Fiscal Court, by and through its agents, agrees to waive and to transfer and assign to Plaintiff Cynthia Crenshaw any and all statutory, equitable, or other legal rights of subrogation, reimbursement, or recoupment inuring to its benefit arising out of Cynthia Crenshaw's 1986 work-related accident herein. It is the express desire of the Plaintiff and Defendant employer herein that any recovery made in any third party

action or claim by Cynthia Crenshaw arising out of her work-related injuries herein shall be recovered and held by Cynthia Crenshaw in the same manner as if there was no workers' compensation lien or subrogation interest of said Defendant employer.

Subsequently, the civil case was remanded to the trial court after the Kentucky Supreme Court decision. The civil trial began on May 4, 1993, and settled on the third day of trial for $150,000. The parties read the terms of the proposed settlement into the record; however, the issue was reserved as to whether Ms. Crenshaw would be entitled to recover the amount assigned to her by the Fiscal Court under the supplemental agreement to the workers' compensation case. Briefs were submitted and the trial court entered an order on June 30, 1993, permitting Ms. Crenshaw to recover the additional amount from the Weinbergs pursuant to the supplemental agreement in the workers' compensation action. The trial court determined that the additional amount to be recovered by Ms. Crenshaw was $99,062.21 ($39,423.80 for medical expense benefits and $59,638.41 for indemnity benefits). Judgment was entered on August 12, 1993 against the Weinbergs. This appeal followed.

■ Appellants argue that permitting appellee to recover additional amounts under the supplemental agreement constitutes double recovery which is barred under KRS 342.700(1). Appellants claim that appellee has already been compensated by her employer in the amount of $99,062.21 and; thus, is not entitled to recovery of this amount from them as third-party tortfeasors. According to appellants, such recovery would be a windfall to appellee.

Appellants are correct in their assertion that double recovery is prohibited by Kentucky workers' compensation law and, indeed, in the majority of jurisdictions. KRS 342.700(1); *Old Republic Ins. Co. v. Ashley,* Ky.App., 722 S.W.2d 55 (1986); *Davis v. Buley,* Ky.App., 634 S.W.2d 161 (1982). KRS 342.700(1) outlines liability when a third party was involved as follows: [1]

1. This was the applicable statutory language

when the trial court decided the case. KRS

**342.700. Remedies when third party is legally liable.**—(1) Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. If the injured employee elects to proceed at law by civil action against such other person to recover damages, he shall give due and timely notice to the employer of the filing of such action. If compensation is awarded under this chapter, the employer, his insurance carrier, the special fund, and the uninsured employer's fund, or any of them, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employee from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employee, less the employee's legal fees and expense.

KRS 342.700(1) expressly permits the employer or carrier to recover compensation paid on behalf of an injured employee from the person in whom legal liability for damage exists. This exists as a derivative action rather than an independent right. *U.S. Fidelity & Guaranty Co. v. Fox*, Ky. App., 872 S.W.2d 91 (1993); *National Biscuit Co. v. Employers Mut. Ins. Co.*, Ky., 231 S.W.2d 52 (1950). Thus, the Jefferson County Fiscal Court was entitled to indemnity from the Weinbergs for amounts it had paid on behalf of Ms. Crenshaw. The language in the supplemental agreement in the workers' compensation action, recognized that right and assigned it, for whatever reason, to Ms. Crenshaw. Accordingly, the Fiscal Court placed in the hands of Ms. Crenshaw the rights which accrued in its favor. We find no policy reasons which would prohibit the assignment of this right.

342.700(1) has since been amended.

The question then becomes whether permitting Ms. Crenshaw to recover under this assignment amounts to double recovery. Under the facts of this case, we think not. But for this assignment, the Fiscal Court had the right to proceed against the Weinbergs to recover amounts paid to Ms. Crenshaw. In effect, this assignment permits Ms. Crenshaw to "step into the shoes" of the Fiscal Court and recover from the Weinbergs only to the extent that Fiscal Court would have been able to do so. We do not think this assignment constitutes double recovery, nor does it offend any policy considerations. Appellants would have no argument if the Fiscal Court exercised its statutory right of subrogation against them. Instead, it chose to assign that right to Ms. Crenshaw. Acting under this assignment, Ms. Crenshaw is seeking nothing more than what the Fiscal Court would have been entitled to recover from the Weinbergs. Accordingly, under the facts of this case, we find there to be no double recovery.

The judgment of the trial court is affirmed.

All concur.