**JEFFERSON COUNTY BOARD OF EDUCATION, Appellant,**

v.

**ESTATE OF Ruby C. COWLES, Appellee.**

**No. 1997–CA–001890–MR.**

Court of Appeals of Kentucky.

Nov. 13, 1998.

Robert C. Ewald, Cynthia Blevins Doll, Louisville, KY, for Appellant.

Dennis R. McGlincy, Louisville, KY, for Appellee.

Before BUCKINGHAM, GUIDUGLI and HUDDLESTON, Judges.

### OPINION

BUCKINGHAM, Judge.

Jefferson County Board of Education (the Board) appeals from an order of the Jefferson Circuit Court dismissing the first $10,000 of its claim against the Estate of Ruby C. Cowles (Cowles).[1] We disagree with the trial court's ruling and, therefore, reverse and remand.

In February 1992, Sharon Stith (Stith), an employee of the Board, was injured when the school bus she was driving collided with a car driven by Cowles. The Board is a self-insurer under the Kentucky Workers' Compensation Act, and it paid $11,966.17 to Stith in workers' compensation benefits.

Pursuant to KRS 342.700, the Board filed suit in the Jefferson Circuit Court against Cowles to recover the benefits it had paid to Stith. Stith subsequently filed a separate suit against Cowles, which was consolidated with the Board's suit. Prior to trial, Cowles

moved the court to grant her a $10,000 "credit" against the Board's subrogation claim. The basis of Cowles' motion was KRS 304.39–060, which "abolished" a person's right to recover damages for automobile accidents due to bodily injury, sickness or disease to the extent that such injuries are payable by basic reparation benefits (BRB). The maximum amount of BRB is $10,000. Thus, Cowles argued that the Board should not be entitled to recover the first $10,000 of BRB since Stith would not be entitled to recover that amount. The trial court granted Cowles' motion.

After Stith settled with Cowles, the Board and Cowles entered into a stipulation which provided that the Board paid Stith $11,966.17 in workers' compensation benefits as a result of her collision with Cowles. The parties further stipulated that the Board had preserved its right to appeal the trial court's decision to grant Cowles a $10,000 credit against the Board's claim. Finally, the stipulation provided that the Board "is entitled to recover at least the sum of $1,966.17 [$11,966.17 in total benefits—$10,000 credit = $1,966.17]" from Cowles. The trial court then dismissed the Board's claim against Cowles, and this appeal by the Board followed.

The latter portion of KRS 342.700(1) provides in pertinent part as follows:

> If compensation is awarded under this chapter, the employer ..., having paid the compensation or having become liable therefor, may recover in his or its own name ... from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employee....

The Board argues that the statute makes no mention of any set-off or credit for claims involving motor vehicle accidents and that the trial court erred in giving the credit. Cowles, however, relies upon the Motor Vehicle Reparations Act (MVRA), specifically KRS 304.39–060(2)(a), which provides in relevant part that:

---

1. The Estate of Ruby Cowles was substituted as a defendant in this case at the trial level following the death of Ruby Cowles.

Tort liability with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is "abolished" for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable therefor, or that would be payable but for any deductible authorized by this subtitle, under any insurance policy or other method of security complying with the requirements of this subtitle. . . .

Cowles contends that since a workers' compensation subrogation right to reimbursement is "derivative" of the injured workers' rights, *see e.g. Weinberg v. Crenshaw,* Ky. App., 896 S.W.2d 22, 24 (1995), then the Board, as the compensation provider, should not be able to recover what Stith, the injured party, could not.

This issue is apparently one of first impression in this commonwealth. Cowles relies on *Gayle v. United States Fidelity & Guaranty Co.,* Ky., 635 S.W.2d 478 (1982), for the proposition that a workers' compensation carrier or employer is limited by the MVRA in pursuing its subrogation claim or rights against the tort-feasor. *Gayle* is an extremely short opinion involving an insurance carrier which had paid two workers' compensation claims totaling $986.95. The carrier brought suit against the tort-feasor for indemnity, but the suit was dismissed because the amount of the claim fell below the threshold limit of $1,000 fixed by KRS 304.39–060(2)(b). The trial court's decision was reversed by this court but affirmed by the Kentucky Supreme Court which stated that "[t]he fundamental issue is the same as in *Fireman's Fund Insurance Company v. Government Employees Insurance Company,* Ky., 635 S.W.2d 475, decided today. Our decision in that case requires a reversal in this one." *Fireman's Fund,* however, was overruled in *Perkins v. Northeastern Log Homes,* Ky., 808 S.W.2d 809, 817 (1991), on grounds not germane to the case sub judice.

■ Cowles next asserts that a comment accompanying the Uniform Motor Vehicle

Accident Reparations Act, upon which the Kentucky MVRA was based, supports its contention.[2] The comment upon which Cowles relies is found after section 6 of the uniform act (entitled "Reparation Obligor's Rights of Reimbursement, Subrogation, and Indemnity") and provides that "[t]o the extent that workmen's compensation carriers are now subrogated to an injured workman's third-party tort claims, that right has been substantially eliminated by Section 5 as to workmen's compensation benefits paid for injuries arising out of the maintenance or use of a motor vehicle." This commentary, however, is not binding. Furthermore, as the Kentucky MVRA is a "patchwork that included portions of the Uniform Act here and there" and also contains "features not included in the parent Act," it does not follow that this comment is dispositive of the case sub judice. *Bailey v. Reeves,* Ky., 662 S.W.2d 832, 833 (1984). In addition, as KRS 342.700 expressly grants worker's compensation carriers subrogation rights, any commentary to the contrary in the uniform act is superseded.

*Gayle* is factually distinguishable as it does not address BRB credits or set-offs and is not, therefore, binding precedent. If Stith had received $10,000 BRB from her insurer, that insurer would be entitled to recover the $10,000 from Cowles. *See* KRS 304.39–070. Likewise, we believe that KRS 342.700 provides the authority for the Board to recover the first $10,000 in benefits that it paid to Stith.

We do not perceive that allowing the Board to recover the first $10,000 in benefits paid to Stith would be allowing the Board to have a more elevated status than Stith, Cowles' argument to the contrary notwithstanding. If Stith were allowed to recover the $10,000 from Cowles in addition to the benefits she received from the Board, then she would be enjoying double compensation, which is clearly forbidden. *See e.g. Weinberg, supra* at 23. No such double compensation would exist if the Board recovered the first $10,000 paid to Stith. Rather, such a

---

**2.** Comments accompanying the uniform acts are deemed to be "persuasive authority" in interpreting Kentucky statutes. *Couty v. Kentucky Farm*

*Bureau Mut. Ins. Co.,* Ky., 608 S.W.2d 370, 371 (1980).

recovery would merely make the Board whole, which appears to be one of the goals of KRS 342.700. Furthermore, if the Board is unable to recover the $10,000 in question, then the tort-feasor, Cowles, would avoid any liability for that $10,000 while the Board, an innocent party, would be forced to assume that responsibility.

We also note that there are several cases, although factually distinguishable, which contain statements that could be construed as being against the idea of giving a credit. In *Mastin v. Liberal Markets,* Ky., 674 S.W.2d 7, 14 (1984), an employee settled a claim against a liable third party without the employer's knowledge, meaning that the employee received a double benefit of workers' compensation benefits and damages from the third party. The *Mastin* court ruled that the employer and its insurer "were entitled to immediate statutory subrogation as to such amount of her [the employee's] settlement as duplicate worker's compensation benefits." *Id.* at 14. In *Old Republic Ins. Co. v. Ashley,* Ky.App., 722 S.W.2d 55, 59 (1986), this court held that "[a] workers' compensation carrier will be granted subrogation on those elements of a recovery against a third party which duplicates the elements covered by workers' compensation." Finally, in *National Biscuit Co. v. Employers Mut. Liability Ins. Co.,* 313 Ky. 305, 231 S.W.2d 52, 54 (1950), in construing a similar predecessor statute to KRS 342.700, the court noted that "[i]t is the purpose of the statute to reimburse the employer or his insurance carrier out of any recovery against the third party tort feasor **to the extent of the award made under the Workmen's Compensation Act....**" (Emphasis added.)

As we conclude that tort-feasors are not entitled to a $10,000 credit under the MVRA in actions pursuant to KRS 342.700 to recover workers' compensation benefits paid to injured employees, we reverse the order of the Jefferson Circuit Court and remand for proceedings consistent with this opinion.

All Concur.