## NORTHWESTERN NATIONAL INSURANCE COMPANY *v.* AMERICAN STATES INSURANCE COMPANY

79-63                                                      585 S.W. 2d 925

### Opinion delivered September 10, 1979
### (Division I)

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellant.

*Lowe & Hamlin,* for appellee.

GEORGE ROSE SMITH, Justice. Under our 1973 No-Fault Insurance Act an insurance company which makes a no-fault payment to its own insured is entitled to a lien upon, and a right of reimbursement from, any tort recovery obtained by its insured, less the insurance company's proportionate part of the costs of collection. Ark. Stat. Ann. § 66-4019 (Supp. 1977). In this dispute between two insurance companies Northwestern, which had a lien under the statute, contends in effect that it was entitled to a full recovery without paying its part of the costs of collection. The circuit judge, sitting as a jury, rejected that contention, and we agree.

Northwestern, the plaintiff, issued an automobile liability policy to Walter and Lucille Stacey. The policy contained the no-fault medical and income benefits specified by the statute. § 66-4014. The Staceys were injured in a collision between their car and one driven by Bennie Ivory. Northwestern paid the Staceys $6,425.78 under the policy.

Later on the Staceys employed James C. Cole as their attorney and brought suit against Ivory and his wife in Hot Spring county. The appellee, American States, was Ivory's liability insurer. American States settled the case by paying the full amount of its policy, $28,500, with the check being made payable jointly to the Staceys and Cole. Northwestern had notified Cole of its claim. Cole's fee was 30% of the amount recovered. Cole sent Northwestern a check for $4,-498.05, the amount of Northwestern's subrogation claim less Cole's 30% fee. Cole made the same 30% deduction from the Stacey's share of the money.

Before the settlement Northwestern's representative, Richard Greenlee, had discussed its claim with American States' representative, William Plummer. Greenlee testified that in a telephone conversation Plummer promised to protect Northwestern's subrogation interests. Plummer denied having made such a promise. The trial judge found, in rendering his decision, that there was no oral contract by American States to protect Northwestern's claim free of any expense to it.

Regardless of the oral agreement, Northwestern argues that American States had notice of Northwestern's lien and should have protected it in any of several suggested ways. One suggestion is that American States should have included Northwestern as a joint payee of the settlement check, "so that it could not be cashed except on terms satisfactory to the Staceys, their attorney and Northwestern."

We do not see that Northwestern has any basis for complaint. Subrogation is governed by equitable principles. *Washington Fire & Marine Ins. Co.* v. *Hammett*, 237 Ark. 954, 377 S.W. 2d 811 (1964). Under the statute Northwestern's claim was burdened with its proportionate part of the costs of

collection. § 66-4019, *supra*. There can be no doubt that costs of collection include reasonable attorneys' fees. *Maxcy* v. *John F. Beasley Constr. Co.*, 228 Ark. 253, 306 S.W. 2d 849 (1957); *Winfrey & Carlile* v. *Nickles*, 223 Ark. 894, 270 S.W. 2d 923 (1954). Northwestern makes no contention that Cole's fee of 30% is unreasonable. Consequently, even if American States had included Northwestern as a payee of the settlement check, Northwestern would still have had no equitable claim to its share of the money without first paying its part of Cole's fee. That precise result was actually reached; so Northwestern's argument is without merit.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.