Richard J. ORINTAS *v.* Bryant J. MEADOWS, Ella MEADOWS, BENDIX CORPORATION, and DONALD H. BACON, P.A.

CA 85-175                                706 S.W.2d 199

Court of Appeals of Arkansas
Division I
Opinion delivered April 2, 1986

*Richard J. Orintas*, for appellant.

*Friday, Eldredge & Clark*, for appellees Bendix Corp. and Donald H. Bacon, P.A.

*Timothy O. Dudley*, for appellees, Bryant and Ella Meadows.

JAMES R. COOPER, Judge. The appellees Bryant and Ella Meadows, residents of Ohio, were injured when they were involved in an automobile accident with an Arkansas driver in Clay County, Arkansas. The Meadowses were employed by the appellee Bendix Corporation, an Indiana corporation, and they collected worker's compensation benefits from Bendix Corporation pursuant to Indiana law. The Meadowses hired the appellant, attorney Richard Orintas, to pursue a third-party liability claim against the estate of the Arkansas driver for a 35% contingency fee. Determining that the estate of the Arkansas driver had no substantial assets, except for an automobile liability policy, the appellant and the attorney for Bendix Corporation agreed to accept the $50,000 automobile policy limit in settlement of their claims. A dispute then arose between the parties as to how the $50,000 settlement proceeds would be distributed. The appellees contended that, pursuant to Ark. Stat. Ann. Section 81-1340 (Repl. 1976), Bendix Corporation was entitled to two-thirds of the $50,000 settlement ($33,334), the Meadowses were entitled to one-third ($16,666),and appellant should receive a fee

of 35% of the $16,666 settlement received by the Meadowses. The appellant contended that he was entitled to a fee equal to 35% of the entire $50,000 settlement and that the Indiana Workmen's Compensation Law should be applied to determine how the settlement should be divided. The trial court concluded that Arkansas Workers' Compensation law applied to the distribution of the settlement proceeds, awarded two-thirds of the settlement proceeds to Bendix Corporation and one-third to the Meadowses, and determined that the appellant was entitled to a fee of 35% of the $16,666 settlement received by the Meadowses.

For his appeal, the appellant argues three points for reversal: (1) the court erred in not applying Indiana law to the distribution of the settlement proceeds; (2) the court erred in not finding that, under Ark. Stat. Ann. Section 81-1340 (Repl. 1976), attorneys fees are included in costs of collection; and (3) the court erred in failing to find that the appellant is entitled to an attorney fee of 35% of the entire $50,000 settlement. We find no merit to the appellant's alleged points of error and, therefore, affirm.

■■ The appellant argues it was error for the trial court to apply Arkansas Workers' Compensation law because the appellees made a binding election when they made and accepted payments pursuant to Indiana law, and further, there were no significant contacts with Arkansas which would permit Arkansas to apply its laws. In *Wallis* v. *Mrs. Smith's Pie Co.*, 261 Ark. 622, 550 S.W.2d 453 (1977), the court listed five factors to be considered in determining whether to apply Arkansas law or the law of the foreign state, emphasizing the forum's governmental interest and the better rule of law. In its letter opinion, the trial court specified Arkansas's contacts with this cause of action.

The accident took place in Arkansas, indeed the cause of action arose in Arkansas, and if any lawsuit was filed as a result of the accident, it would have been brought here. The third party tortfeasor was an Arkansas resident. Arkansas counsel was employed to resolve the tort claim.

We are not persuaded that the trial court erred in finding significant contacts with Arkansas to apply its laws. Furthermore, we do not agree that, by accepting Indiana Workmen's Compensation benefits, the appellees made a binding election to accept the third-party settlement pursuant to Indiana law.

*McAvoy* v. *Texas Eastern Transmission Corp.*, 187 F. Supp. 46 (W.D. Ark. 1960), held that it is a settled principle of Arkansas law that the right of an injured employee to recover in tort is to be determined by the law of the state where the injury occurred and, further, the acceptance by an employee of payments under the Louisiana Workmen's Compensation Statute did not amount to an election to have his right to maintain an action determined by Louisiana law.

The appellant further implies that the court must apply Indiana law because the Indiana Workmen's Compensation Act provides the employer and employee are bound by the provisions of the Indiana Workmen's Compensation Act when injury occurs in some other state. Ind. Code Ann. Sections 22-3-2-2, 22-3-2-20 (Burns 1974 and Supp. 1985). We do not agree that we are bound by Indiana law. *Carroll* v. *Lanza*, 349 U.S. 408, 412 (1955), stated that "the Full Faith and Credit Clause does not require a State to substitute for its own statute, applicable to persons or events within it, the statute of another State reflecting a conflicting and opposed policy."

In *Carroll*, a Missouri resident, employed in Missouri, was injured in Arkansas. The employee received benefits under the Missouri Compensation Act, which provided exclusive remedies for injuries received inside or outside Missouri under contracts made in Missouri, even as against the general contractor. The Arkansas Worker's Compensation Act allowed a suit against the general contractor for common law damages. The employee sued the general contractor in Arkansas and obtained a judgment. The United States Supreme Court held the Arkansas judgment did not deny full faith credit to the Missouri law.

Next, the appellant argues that, although Indiana law should be applied to the division of the settlement proceeds, under Ark. Stat. Ann. Section 81-1340 (Repl. 1976), attorneys fees are included under reasonable costs of collection. Therefore, his 35% attorney fee should be deducted from the entire $50,000 settlement before the proceeds are divided between the parties. In *Burt* v. *Hartford Accident & Indemnity Co.*, 252 Ark. 1236, 483 S.W.2d 218 (1972), the court refused to allow the employee's attorney fee to be considered costs of collection under Ark. Stat. Ann. Section 81-1340. Citing *Winfrey & Carlile* v. *Nickles*, 223

Ark. 894, 270 S.W.2d 923 (1954), the court in *Burt* stated that, in the usual situation, the question of an allowance of fees to the employee's attorney as part of the costs of collection would not likely arise, because the intervening carrier would either retain the employee's counsel for a fee mutually agreed upon or the employer would employ another attorney of his own choice. Under these circumstances, the court would simply apportion the recovery, leaving each to pay his own attorney. 252 Ark. at 1240-1; *Nickles*, 223 Ark. at 900. *Accord, St. Paul-Mercury Indemnity Co. v. Lanza*, 131 F. Supp. 684 (W.D. Ark. 1955); *Phillips v. Morton Frozen Foods*, 313 F. Supp. 228 (E.D. Ark. 1970). In the case at bar, Bendix Corporation employed its own attorney to pursue the estate of the third-party tortfeasor, and in view of the circuit judge's superior ability to evaluate the situation, we cannot say the trial court committed error in refusing to allow the appellant his attorney fees as costs of collection under Section 81-1340.

■ Finally, the appellant argues that the court erred in refusing to enforce his contingency fee contract with the Meadowses by awarding him 35% of the entire $50,000 settlement proceeds received by the appellees. The appellant's contract with the Meadowses read in part, "The party of the first part [Bryant J. and Ella Meadows] . . . agrees to pay the party of the second part [the appellant] thirty-five percent (35%) of any and all sums received by compromise before suit is instituted." The trial court interpreted this contract to mean the appellant was entitled to a fee of 35% of any settlement proceeds received by the Meadowses. The trial court reasoned that, if the appellant's position were correct, he would be entitled to receive his clients', the Meadowses, full recovery under the settlement with the third party tortfeasor, and his clients would still owe him $834.00. The trial court concluded that it would seem reasonable and logical that the Meadowses would receive one-third of the settlement, and that Bendix Corporation would receive two-thirds, after reasonable costs of collection are taken off the top, then both would pay their respective attorneys out of the proceeds. We believe the trial court correctly interpreted the contingency fee agreement between the appellant and the Meadowses.

■ On appeal, we cannot overturn the findings of the circuit judge sitting as the fact-finder unless we find them to be

clearly erroneous or clearly against the preponderance of the evidence. *Izard County Board of Education* v. *Violet Hill School District No. 1*, 10 Ark. App. 286, 663 S.W.2d 207 (1984); ARCP Rule 52(a). From our review, we conclude the court's findings of fact were not clearly erroneous and its conclusions of law were correct. We therefore affirm.

Affirmed.

CLONINGER, and GLAZE, JJ., agree.