**Alan D. LUTZ, Appellant (Defendant Below),**

v.

**Lori Marie DeMARS, Independent Personal Representative of the Estate of Keith W. DeMars, Deceased, Appellee (Plaintiff Below).**

No. 71A03–8912–CV–549.

Court of Appeals of Indiana, Third District.

Sept. 17, 1990.

R. Kent Rowe, Jerry E. Huelat, Rowe, Foley & Huelat, South Bend, for appellant.

David V. Scott, New Albany, for appellee.

HOFFMAN, Presiding Judge.

Appellant Alan D. Lutz appeals a jury trial judgment in favor of Lori Marie De-Mars, personal representative of the Keith W. DeMars estate. The facts indicate that Alan Lutz, an Illinois resident, and Keith DeMars, a Michigan resident, were employed by Bailey Controls, an Ohio corporation. On October 17, 1984, both men were away from their homes working at the New Energy Plant in South Bend, Indiana. That night after work Lutz was driving DeMars in Lutz' automobile. The two men ate dinner and went drinking. Lutz' automobile collided with a semi-tractor trailer owned by Specialized Commodities Services of Plymouth, Indiana and driven by Dennis Fosburgh, an Indiana resident. DeMars died as a result of the accident.

On October 8, 1985, Lori DeMars filed a wrongful death suit against Lutz, Special-

ized Commodities and Fosburgh in St. Joseph Superior Court, South Bend, Indiana. On August 25, 1989, the jury returned a verdict in favor of DeMars in the amount of $1,200,000.00. Specialized Commodities and Fosburgh settled with Lutz prior to this appeal.

■ Lutz argues that Michigan has exclusive jurisdiction to determine if Lutz was acting in the course of employment at the time of the accident. Applying Indiana law, the trial court determined that Keith DeMars was in the scope of his employment as a matter of law and that whether Alan Lutz was in the scope of his employment was a question of fact to be determined by the jury. Lutz contends that the trial court erred in applying Indiana law after DeMars' widow collected uncontested Michigan worker's disability benefits. *See* Mich.Comp.Laws Ann. § 418.841(1) (West 1990 Supp.).

The traditional choice-of-law rule for torts applied the law where the tort was committed. In tort cases, the following factors are relevant for the determination of which state has the most significant relationship to the case:

"1) the place where the conduct causing the injury occurred;

2) the residence or place of business of the parties; and

3) the place the relationship is centered."

Restatement (Second) of Conflicts of Laws § 145(2) (1971); *Hubbard Mfg. Co., Inc. v. Greeson* (1987), Ind., 515 N.E.2d 1071, 1073–1074.

In the present case, Indiana was the place where the tort was committed and the place where the conduct causing the injury occurred. DeMars was a resident of Michigan and Lutz was a resident of Illinois. The relationship between DeMars and Lutz as to whether they were "in the same employ" at the time of the accident was centered in Indiana. The application of Indiana law in this case also satisfies the general choice-of-law principles listed at

Restatement (Second) of Conflicts of Laws § 6(2) (1971).

*Orintas v. Meadows* (1986), 17 Ark.App. 214, 706 S.W.2d 199, presented a similar choice-of-law situation. In *Orintas*, two Ohio residents employed by Indiana's Bendix Corporation were involved in an automobile accident in Arkansas. The employees collected Indiana worker's compensation benefits pursuant to IND.CODE § 22–3–2–20 (1988 Ed.) and pursued a third-party claim against the Arkansas driver. The *Orintas* court held there were sufficient Arkansas contacts to affirm the trial court's application of Arkansas law to determine the distribution of settlement proceeds even though the employees collected Indiana worker's compensation benefits. The Full Faith and Credit Clause (U.S. Const., art. 4 § 1) did not require Arkansas to apply Indiana law. *Carrol v. Lanza* (1955) 349 U.S. 408, 412, 75 S.Ct. 804, 806, 99 L.Ed. 1183. In the present case, the trial court did not err in applying Indiana law to determine whether Lutz was in the scope of employment at the time of the accident even though Lori DeMars collected uncontested Michigan worker's disability benefits.

Lutz argues that under Indiana law DeMars' tort claim should have been barred. Worker's compensation provides the exclusive remedy for an employee who is injured as a result of an accident arising out of and in the course of employment.

IND.CODE § 22–3–2–6 (1988 Ed.);

Mich.Comp.Laws Ann. § 418.131 (West 1990 Supp.).[1] A worker's compensation claimant can pursue a tort remedy against a third-party tortfeasor who is not "in the same employ."

IND.CODE § 22–3–2–13 (1988 Ed.);

■ Mich.Comp.Laws Ann. § 418.827(1) (West 1985). A defendant is not immune from a tort suit just by having the same employer as the plaintiff. A defendant is entitled to immunity only when acting in

---

**1.** Indiana and Michigan citations are included to show this case presented a false conflict, where there is no real conflict of purpose or policy. If the purposes and policies of two potential rules are the same, the forum should apply forum law. E. Scoles and P. Hay, Conflict of Laws § 17.32 (1984 Ed.).

the course of employment at the time the plaintiff suffers compensable injuries. *Martin v. Powell* (1985), Ind.App., 477 N.E.2d 943, 945.

■ A traveling employee is one whose job requires travel from place to place or to a place away from a permanent residence or the employee's place of business. For a traveling employee the stringency of the "arising out of and in the course of the employment" requirements are relaxed. *Olinger Const. Co. v. Mosbey* (1981), Ind.App., 427 N.E.2d 910, 912. A traveling employee is in the course of his employment as long as the employee is away from home for the benefit of the employer, and an accident arises out of the employment as long as the employee is at the place the accident occurs because of the employment. *Id.* at 914–915. The traveling employee is in the course of employment from the time the employee begins the journey until the return home or to employee's permanent place of business unless the employee embarks on a purely personal errand. *Id.* at 913. In *Olinger* an employee was stabbed to death in a motel in Lawrenceburg, Indiana. The employee stayed in the motel while working on a bridge and road construction project 150 miles from his home in Dale, Indiana. The appeals court affirmed the Worker's Compensation Board's award ruling that the employee was required to stay in the motel because of his job and to properly discharge his employment duties. *Id.* at 916.

■ In the present case, the trial court ruled that DeMars was a traveling employee and in the course of employment as a matter of law.[2] The trial court denied Lutz' motion for summary judgment by ruling that whether or not Lutz was a traveling employee at the time of the accident raised a question of fact to be determined by the jury. Lutz contends the trial court erred in denying his motion for summary judgment.

■ Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits and testimony show that no factual controversy exists and there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *Travel Craft v. Wilhelm Mende GMBH* (1990), Ind., 552 N.E.2d 443, 446.

At the time of the accident, DeMars stayed at the Drake Motel in South Bend during the week because he was required to work at the New Energy Plant on a daily basis. He returned to his home in Spring Lake, Michigan near Detroit during weekends.

According to his deposition, Lutz went directly from his South Holland, Illinois home near Chicago to South Bend to aid DeMars with his work on the New Energy Plant's computer system on Wednesday, October 17, 1984. This was Lutz' third visit to the New Energy Plant in South Bend. He stayed overnight at the same hotel where DeMars stayed during his first two visits. Before traveling to South Bend, Lutz made plans to come on a Wednesday so he and his friend, DeMars, could eat at a German smorgasbord. After work, on October 17, 1984, Lutz obtained a room at the Drake Motel, where DeMars was staying. Then Lutz and DeMars ate at the German smorgasbord and drank beer. Lutz and DeMars then drove around to look for a tavern. They became lost and ended up on the outskirts of Plymouth, Indiana where they stopped at a liquor store to purchase beer and whiskey. As they went toward South Bend, they spotted the Drake Motel. At the entrance of the Drake Motel, Lutz turned in front of a semi-tractor trailer and DeMars was killed. There was a question of fact whether Lutz remained in South Bend the night of October 17, 1984 because of work duties or because he wanted to go to dinner with DeMars or whether he had embarked upon a purely personal errand. The trial court did not err in denying Lutz' motion for summary judgment when there were disputed facts and conflicting inferences as to whether Lutz was a traveling employee in

---

**2.** This issue was not appealed and will not be    addressed in this opinion.

the scope of employment at the time of the accident.

■ Lutz appeals the jury's negative judgment. Lutz' trial testimony indicated that he found a problem with a computer board on October 17, 1984. Lutz ordered another board which was being sent overnight. DeMars could have put the board in himself but Lutz wanted to ensure the problem was solved. Lutz testified that he planned his visit to South Bend to coincide with the Wednesday German smorgasbord and when he decided to eat dinner at the smorgasbord he was committed to stay overnight. Lutz testified about events which led to the accident in front of the Drake Motel which killed DeMars. The jury had sufficient evidence to determine that Lutz was not a traveling employee in the scope of employment at the time of the accident.

■ Lutz claims that the doctrine of election of remedies bars Lori DeMars' tort claim action. Lutz contends that Lori DeMars collected uncontested Michigan worker's disability payments as a result of her husband's accidental death. Mich.Comp. Laws Ann. § 418.827(1) (West 1985) states that acceptance of worker's disability payments does not act as an election of remedies. Michigan and Indiana allow a worker's compensation claimant to pursue a tort remedy against a third-party tortfeasor who is not "in the same employ."

Mich.Comp.Laws Ann. § 418.827(1) (West 1985);

IND.CODE § 22–3–2–13 (1988 Ed.).

■ Lutz contends the trial court erred when it denied a renewed motion for summary judgment. Lutz filed an affidavit stating that he applied for and received worker's compensation benefits as a result of the accident in October 17, 1984. After Lutz' first motion for summary judgment was denied, *Sanchez v. Hamara* (1989), Ind.App., 534 N.E.2d 756, was handed down. *Sanchez* noted that the test to determine if co-employees are "in the same employ" is whether the defendant could obtain worker's compensation benefits in same or similar circumstances. *Id.* at 758. The test from *Sanchez* was taken from

*Ward v. Tillman* (1979), 179 Ind.App. 626, 631, 386 N.E.2d 1003, 1005, and *O'Dell, Admx. v. State Farm* (1977), 173 Ind.App. 106, 111, 362 N.E.2d 862, 866. The test means that the worker's compensation "course of employment" standard will be used to determine if a defendant is "in the same employ" as the plaintiff at the time of injury. 2A Larson, The Law of Worker's Compensation § 72.23 (1989).

In this case, the trial court applied the traveling employee worker's compensation standard and determined there was a question of fact as to whether Lutz was in the course of employment at the time of the accident. The same insurance company carried the liabilty insurance on the vehicle Lutz was driving at the time of the accident and worker's compensation insurance for Bailey Controls, Lutz and DeMars' employer. It is not relevant that the insurance company made uncontested worker's compensation payments to Lutz when there was no application to a Worker's Compensation Board or use of the worker's compensation "course of employment" standard to determine if Lutz qualified for worker's compensation benefits. The trial court did not err in denying the renewed motion for summary judgment. For the same reasons, the trial court did not abuse its discretion when it refused to allow the introduction of evidence that Lutz received uncontested worker's compensation benefits.

■ Lutz contends the trial court erred in its traveling employee instruction because it improperly limited the jury's consideration to the details of what Lutz was doing at the time of the accident. The pertinent portion of the Instruction No. 14 stated:

"In deciding this issue, you may consider the location of the collision as it relates to Lutz's employment, the conditions and circumstances existing at the time, the type of activity Lutz was engaged in at the time and its relationship to his job duties, and the reasonableness of Lutz's activity in relation to the sum total of the conditions and circumstances of his job duties."

Read together with the following instructions, the trial court properly instructed the jury on the factors to consider in determining whether Lutz was a traveling employee in the course of employment at the time of the accident:

"DEFENDANT'S REQUESTED INSTRUCTION NO. 7

Ladies and gentlemen of the jury, if an employee has been sent by his employer to a particular place so that he is away from his home or regular place of work, such employee is permitted to engage in activities incidental to his health, comfort, or convenience, and if while engaging in such incidental matters an accident occurs, the employee may be considered to be in the course and scope of his employment.

DEFENDANT'S REQUESTED INSTRUCTION NO. 8

Ladies and gentlemen of the jury, you are instructed that a traveling employee is one whose job entails travel from place to place, or to a place away from his permanent residence or place of business. Due to the nature of a traveling employee's job, such an employee is regarded as being in continuous employment from the time he begins his journey until he returns to his home or permanent place of business, unless he embarks on a purely personal errand."

Lutz contends the trial court erred in refusing his tendered Instruction No. 4:

"The duty on the part of the defendants, or either of them, in this case to avoid injury to Keith DeMars was no greater than the duty imposed upon Keith DeMars to use reasonable care for his own safety so as to avoid injury to himself."

■ Reversible error occurs when the trial court refuses to give a tendered instruction which is a correct statement of the law, is applicable to the facts of the case, and is not adequately covered by the other instructions given. *Brokers, Inc. v. White* (1987), Ind.App., 513 N.E.2d 200, 203. The duty of Keith DeMars to use reasonable care for his own safety was adequately covered by other instructions given.

Affirmed.

SHIELDS, P.J., and STATON, J., concur.