Billy BAKER, Administrator of the Estate of Willie Odell
Baker, Deceased *v.* STATE FARM FIRE AND
CASUALTY Company

CA 90-267 805 S.W.2d 665

Court of Appeals of Arkansas
Division I
Opinion delivered March 20, 1991

*Gary Eubanks & Associates,* by: *James Gerard Schulze,* for
appellant.

*Huckabay, Munson, Rowlett, and Tilley,* by: *Beverly A.
Rowlett,* for appellee.

GEORGE K. CRACRAFT, Chief Judge. Billy Baker, adminis-
trator of the estate of Willie Odell Baker, deceased, appeals from
an order of the Hot Springs County Probate Court, contending
that it erred in denying his petition that appellee State Farm Fire
and Casualty Company, as subrogee, be assessed its proportion-
ate share of the cost of collection of a wrongful death claim. We
agree and reverse and remand for further proceedings.

Willie Odell Baker was killed when his automobile collided
with a vehicle operated by Gary Murgberger. It is undisputed
that, at the time of the collision, the deceased's vehicle was

covered by a policy of insurance issued by appellee, which contained no-fault coverage. Under the terms of the policy, appellee paid the sum of $3,836.50 to the decedent's estate.

Appellant was appointed personal representative of the estate and employed attorneys of his choice to pursue a claim for wrongful death against the tortfeasor. Appellant entered into a contract with said attorneys in which he agreed to pay a contingent fee of thirty-three and one-third percent of any recovery on the claim. The probate court thereafter authorized the personal representative to pursue the claim and approved the contract for legal services. Appellee notified the personal representative of its subrogation claim to the proceeds of any recovery in the tort action. We find nothing in the record showing that appellee or its attorney did anything further in pursuit of its claim.

Appellant's attorney negotiated a settlement with the tortfeasor for a total sum of $25,000.00. Appellant then filed a petition for court approval of the settlement and prayed that his attorneys be allowed their contingent fee and other expenses incurred in the negotiation of the settlement. Appellee intervened, demanding that it recover the full amount of its subrogation claim and arguing that appellant was not entitled to deduct from that amount a proportionate share of the cost of collection, including any portion of the attorney's fee allowed. The probate court found that the settlement was in the best interest of the estate and authorized appellant to enter into it. The court allowed appellant's attorneys one-third of the total proceeds as a reasonable fee for their services, along with reimbursement of other costs incurred by them in pursuing the claim. The probate court ordered that appellant pay appellee the total amount of its subrogation claim, and denied appellant's claim that appellee be required to reimburse him for its pro rata of the fees and costs incurred in procuring the settlement.

Appellant contends that the probate court erred in refusing to allow him to deduct costs of collection from the amount of subrogation due appellee. We agree.

Arkansas Code Annotated § 23-89-202 (Supp. 1989) requires that every automobile liability insurance policy covering any private passenger vehicle include medical and hospital,

income disability, and accidental death benefits in amounts specified in the statute. The policy issued in this case included coverage for medical and hospital benefits as provided in § 23-89-202(1). Section 23-89-207 provides as follows:

> (a) Whenever a recipient of [Ark. Code Ann.] § 23-89-202(1) and (2) benefits recovers in tort for injury, either by settlement or judgment, the insurer paying the benefits has a right of reimbursement and credit out of the tort recovery or settlement, less the cost of collection, as defined.

> (b) All cost of collection thereof shall be assessed against insurer and insured in the proportion each benefits from the recovery.

> (c) The insurer shall have a lien upon the recovery to the extent of its benefit payments.

The "cost of collection" includes reasonable attorney's fees. *Northwestern National Insurance Co.* v. *American States Insurance Co.*, 266 Ark. 432, 585 S.W.2d 925 (1979).

 Arkansas Code Annotated § 16-62-102(b) (1987) provides that every wrongful death action shall be brought by and in the name of the personal representative of the deceased persons. It does not provide or create an individual right in any other beneficiary to bring an action, as the personal representative acts as trustee for all beneficiaries. When it appears to be in the best interest of the estate or the widow and next of kin, the personal representative may be authorized by the court to effect a compromise settlement of any tort claim. Ark. Code Ann. § 28-49-104 (1987). That section provides no other method for the approval of negotiated settlements in wrongful death actions. Accordingly, in *Brewer* v. *Lacefield*, 301 Ark. 358, 784 S.W.2d 156 (1990), the supreme court held that a beneficiary's attorney is not entitled to receive fees on the portion of the wrongful death proceeds due the beneficiary and that, even though a beneficiary may prefer to have independent counsel to protect his interest, he must bear the expense of his own counsel.

In *Daves* v. *Hartford Accident and Indemnity Co.*, 302 Ark. 242, 788 S.W.2d 733 (1990), the supreme court recognized an insurer's statutory lien on proceeds of its insured's tort settlement, but assessed costs of collection in proportion to the amount it

benefited. There, the appellant was injured in an automobile collision while insured by the appellee, who paid medical and wage-loss benefits to the appellant. The appellee's demand for reimbursement was refused by the tortfeasor's insurer. The appellant subsequently filed a personal injury action against the tortfeasor and negotiated a settlement. Prior to the settlement, the appellee had notified the tortfeasor's insurer of its subrogation claim for reimbursement. However, the appellee was not aware of the lawsuit until after the settlement had been effected. The appellee then filed suit and recovered from the appellant the full amount of its subrogation claim, without any deduction for the appellant's cost of collection. While the supreme court affirmed the judgment, it reduced the appellee's award by its proportionate share of the appellant's cost of collection:

> In this case, Daves did not notify Hartford of his suit against the tortfeasor so that Hartford could intervene to protect its interest and then refused to reimburse Hartford out of the settlement recovery, contrary to the dictates of § 23-89-207(a). As a result, Hartford was forced to bring a different action to enforce its claim, thereby incurring separate expenses and attorney's fees.

> Accordingly, Hartford contends that it has paid its share of the "costs" and thus the trial court did not err in refusing to reduce the amount of its judgment. However, Hartford's costs were not "costs of collection" of the tort settlement. Although the end result may be unjust, we must follow the code provision, which dictates that Hartford be assessed costs of collection in the proportion it benefited from the recovery by Daves.

302 Ark. at 251, 788 S.W.2d at 738.

Here, appellant, was the personal representative of the estate and authorized by the court to contract for legal services and pursue a wrongful death action against the tortfeasor. Appellee benefited from the tort settlement to the full extent of its subrogation claim. There is nothing in the record indicating that appellee assisted appellant in the procurement of the settlement. From our review of the record and the applicable law, we conclude that the trial court erred in not assessing against the amount of recovery payable to appellee its proportionate share of

the cost incurred by appellant in its pursuit of the tort settlement.

Reversed and remanded.

JENNINGS and DANIELSON, JJ., agree.