## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* Lavina BING

91-52                                    808 S.W.2d 304

Supreme Court of Arkansas
Opinion delivered April 22, 1991
[Rehearing denied June 10, 1991.]

*Prior, Barry, Smith, Karber, and Alford*, by: *Thomas B. Prior*, for appellant.

*Frank N. Booth*, for appellee.

ROBERT L. BROWN, Justice. Appellant State Farm Mutual Automobile Insurance Company ("State Farm") appeals from an order of the trial court granting counsel for appellee Lavina Bing ("Bing") an attorney's fee in the amount of $1,101.86, which represents one-third of State Farm's recovery.

We affirm the trial court's order.

The facts are essentially undisputed, although we note that strong feelings on the part of counsel permeate the arguments on both sides. On September 22, 1987, Bing, who was driving her car, was struck from behind by a third party's vehicle. She subsequently underwent medical treatment and sued the third party to collect medical expenses as well as actual and punitive damages. Her total incurred medical expenses were $3,305.59.

State Farm was Bing's insurance carrier, and it paid all her medical expenses. State Farm claims, though, that after payment Bing's attorney refused to cooperate in protecting State Farm's subrogation rights. State Farm was then forced to file a complaint in intervention to protect its interest in any recovery, and Bing opposed this intervention. Before the trial a stipulation was agreed to by State Farm and Bing evidencing the fact that State Farm had paid the medical expenses and had a subrogation claim against any award for that amount paid. An order affirming the stipulation was entered by the trial court. State Farm also gave notice to Bing and the third party that it was claiming a statutory lien against any recovery for the medical expenses paid. In the process State Farm incurred attorney's fees relating to the intervention, stipulation, and notice of lien.

State Farm's attorney did not attend or participate in the jury trial. Following the trial, the jury awarded Bing a verdict of

$59 for property damage. Her attorney filed a motion for a new trial, which resulted in the court's awarding a judgment for damages in the amount of $3,305.59 (the undisputed medical expenses, all of which is owed to State Farm), plus the $59 and costs. State Farm's attorney did not take part in the post-trial proceedings. The third party paid the total amount into the court in satisfaction of the judgment, whereupon Bing's attorney filed a motion for assessment of the cost of collection under Ark. Code Ann. § 23-89-207 (1987). The trial court decided the motion in favor of Bing's attorney and awarded him one-third of $3,305.59, or $1,101.86, as the cost of collection.

Both State Farm and Bing agree that § 23-89-207 is the controlling statute. It reads:

(a) Whenever a recipient of § 23-89-202(1) and (2) benefits recovers in tort for injury, either by settlement or judgment, the insurer paying the benefits has a right of reimbursement and credit out of the tort recovery or settlement, less the cost of collection, as defined.

(b) All cost of collection thereof shall be assessed against insurer and insured in the proportion each benefits from the recovery.

(c) The insurer shall have a lien upon the recovery to the extent of its benefit payments.

Ark. Code Ann. § 23-89-207 (1987). This court has previously held that attorney's fees represent part of the cost of collection. *See, e.g., Northwestern National Insur. Co. v. American States Insur. Co.*, 266 Ark. 432, 585 S.W.2d 925 (1979).

State Farm advances several theories for why it should not be accountable for Bing's attorney's fees: a) collecting the medical expenses did not warrant litigation and could have been accomplished without the efforts of Bing's attorney; b) Bing's attorney was hostile to State Farm which forced State Farm to retain its own counsel, and fees paid to its own counsel should be considered part of the cost of collection; and c) paying Bing's attorney as well as its own counsel will require State Farm to pay a double fee which runs contrary to the intent of § 23-89-207(b). State Farm cites as authority for its position a 1972 decision from this court where we held that an insured was not entitled to deduct

her attorney's fees from a recovery that went to her insurance carrier under a subrogation claim. *See Burt* v. *Hartford Acc. & Indem. Co.*, 252 Ark. 1236, 483 S.W.2d 218 (1972).

The *Burt* case, however, is distinguishable on its facts. In that case the plaintiff opposed the carrier's subrogation rights, and the carrier was forced to participate at trial through its own counsel to preserve its interest. In *Burt* we specifically noted that the carrier did not depend on the efforts of the plaintiff's attorney at trial in collecting its benefit payments. Indeed, the plaintiff's attorney opposed the carrier's right to subrogation and a lien on the amount of recovery throughout the trial. The clear implication from our statement in *Burt* was that if the carrier had relied on the plaintiff's attorney to recover its benefit payments, payment of fees to that attorney would have been required.

Here, the situation is different. Bing stipulated to State Farm's right to subrogation before trial. Following the stipulation, State Farm did not participate in the trial, and State Farm's attorney did not even attend the trial or post-trial proceedings. The money recovered was due to the efforts of Bing's attorney. Nor are we convinced that the fees paid to State Farm's attorney for filing the complaint in intervention, obtaining a stipulation on subrogation rights, and serving the notice of lien qualify as costs of collection. These actions were efforts by State Farm to preserve its rights to subrogation, not efforts to recover benefit payments.

More importantly, State Farm was the sole beneficiary of the $3,305.59 collected. None of that money will go to Bing. Under § 23-89-207, which apportions payment of the cost of collection on the basis of who benefits from the recovery, total assessment for the cost of recovering State Farm's benefit payments must be against State Farm, because it is the recipient of that money.

In a recent case we affirmed the assessment of costs against an insurance carrier for the insured's legal fees proportionate to the carrier's participation in the recovery, even though the carrier was forced to hire an attorney to file a separate action to enforce its subrogation claim. *See Daves* v. *Hartford Acc. & Indem. Co.*, 302 Ark. 242, 788 S.W.2d 733 (1990). In *Daves* we held that the attorney's fees which the carrier paid to enforce its right to subrogation in the separate action did not qualify as part

of the cost of recovering benefit payments. The same holds true in the case before use. State Farm's legal fees were incurred for a different purpose than that contemplated under § 23-89-207.

Though this result may well result in State Farm's paying fees to two lawyers, we observe that State Farm could not have paid its attorney legal fees that pertained to the actual trial of the case itself or post-trial proceedings, because it did not participate in those events. It is the cost of that work that represents the cost of collection.

The trial court was correct in assessing one-third of the amount of medical expenses recovered as a fee for Bing's attorney.

Affirmed.