CONTINENTAL CASUALTY CO. *v.* Bobby C. SHARP

92-1135                                                849 S.W.2d 481

Supreme Court of Arkansas
·Opinion delivered March 15, 1993
[Rehearing denied April 19, 1993.]

*Warner & Smith*, by: *Wayne Harris*, for appellant.

*Robert S. Blatt* and *Timothy L. Sharum*, for appellee.

TOM GLAZE Justice. On October 26, 1987, the appellee, Bobby Sharp, suffered a back injury during the course and arising out of his employment with Kinco, Inc. At the time of this work-related accident, Continental Casualty Company (CCC), the appellant, provided worker's compensation insurance coverage for Kinco, Inc. CCC paid Sharp worker's compensation benefits totaling $128,424.77.

In October 1990, Sharp and his wife, Margie, through their attorney James Filyaw, brought a third-party-negligence action against Don Bull, Terracon Consultants S. C., Inc., Terracon Environmental, Inc. and Terracon Consultants E. C., Inc. in Sebastian County Circuit Court seeking damages for Sharp's 1987 back injury. On February 26, 1991, CCC, through retained counsel Wayne Harris, filed a motion to intervene in the third-party suit to preserve its right to a subrogation lien pursuant to Ark. Code Ann. § 11-9-410 (1987), which reads in relevant part as follows:

## (1) LIABILITY UNAFFECTED.

(1) The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his decedents, to make claim or maintain an action in Court against any Third Party for the injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in the action. If they, or either of them, join in the action, they shall be entitled to a first lien upon two-thirds (2/3) of the net proceeds recovered in the action that remain after the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents.

(2) The commencement of an action by an employee or his dependents against a Third Party for damages by reason of an injury to which this chapter is applicable, or the adjustment of any claim, shall not affect the rights of the injured employee or his dependents to recover compensation, but any amount recovered by the injured employee or his dependents from a Third Party

shall be applied as follows:

(A)  Reasonable cost of collection shall be deducted.

(B)  Then, in every case, one-third (1/3) of the remainder shall belong to the injured employee or his dependents, as the case may be;

(C)  The remainder, or so much as is necessary to discharge the actual amount of the liability of the employer and the carrier; and

(D)  Any excess shall belong to the injured employee or his dependents.

The Sharps' third-party action proceeded to trial, and a verdict was rendered in their favor in the amount of $456,893.60. The court entered judgment on the verdict, and attorney Filyaw, in accordance with his one-third contingency fee agreement with Sharp, received one-third of the gross recovery — $152,297.86. Filyaw was also reimbursed costs in the amount of $4,170.29. After deducting these costs of collection under § 11-9-410(a)(2)(A), the net recovery to be distributed (between the Sharps and CCC) under (B), (C) and (D) of § 11-9-410(a)(2) was $300,425.45. Accordingly, the Sharps were first entitled to one-third of this net figure, or $100,141.81, leaving $200,283.64 as the balance to be distributed. Because the remaining balance exceeded the worker's compensation benefits CCC had paid Sharp, CCC was reimbursed only the $128,424.77 in benefits it had paid Sharp, and the remaining or excess funds, $71,858.87, were awarded the Sharps, fixing their total recovery at $172,000.68. The Sharps contested CCC's receiving the full amount of its subrogation-lien amount, arguing CCC should pay one-third of such amount, $42,808.25, as collection costs since CCC exerted no efforts or assistance in pursuing the third-party action.

Mr. Sharp filed this declaratory judgment action against CCC, asserting CCC would be unjustly enriched if it were reimbursed its entire amount of benefits, and the trial court agreed, by granting Sharp's motion for summary judgment finding that (1) prior to trial of the third-party action, the Sharps requested CCC to share in the cost of prosecuting the third-party action and CCC refused to participate, (2) the recovery of

$456,893.60 in the third-party action was due primarily to the efforts of the Sharps' attorney in investigating, developing, preparing and trying the third-party action and (3) CCC was not entitled to accept the benefits of the services of the Sharps' attorney without payment of a reasonable attorneys' fee. The trial court then awarded Sharp one-third of CCC's subrogation lien amount, $42,808.25. This amount was in addition to the $152,297.86 amount Filyaw received as attorney's fees or costs of collection in the third-party action. CCC appeals the trial court's decision awarding this additional amount. While the trial court determined CCC must pay an additional attorney's fee from its subrogation amount, the court denied Sharp's contention that CCC must also pay one-third of the costs ($4,170.29) from its subrogation award. Sharp cross-appeals from this part of the trial court's order. We reverse on appeal and affirm on cross-appeal.

■ The trial court erred in awarding Sharp an attorney's fee from CCC's subrogation lien award because the circuit judge presiding over the earlier third-party action had already awarded the Sharps the full amount of attorney's fee ($152,297.86) as part of the "costs of collection" required under § 11-9-410(a)(2)(A). Because these fees and costs were initially deducted from the full amount of the third-party judgment before either the Sharps or CCC were distributed their respective statutory awards under § 11-9-410(a)(2), CCC effectively paid its proportionate share of the attorney's fees in the Sharps' third-party action. No additional attorney's fee is provided by law.

In determining Sharp was entitled to a portion of CCC's subrogation award as attorney's fees, the trial court in this action relied upon the cases of *Winfrey* v. *Carlile* v. *Nickles, Admr.*, 223 Ark. 894, 270 S.W.2d 923 (1954); *Phillips* v. *Morton Frozen Foods*, 315 F.Supp. 228, (E.D. Ark. 1970); and *Boulden* v. *Herring*, 126 F.Supp. 885, (W.D. Ark. 1954). These cases, however, are inapposite, and were limited to the issue as to whether the attorney's fees in those cases were reasonable or proper under § 11-9-410(a)(2)(A).[1] Here, CCC does not contest the amount of attorney's fees and costs paid the Sharps' attorney in their third-party action, but rather agrees that the amount paid

---

[1] Section 11-9-410 was previously codified as Ark. Stat. Ann. § 81-1340 (Repl. 1976).

Filyaw was reasonable.

■ Again, the issue here is whether CCC was required to pay an additional attorney's fee from its subrogation-lien amount. Sharp presents no legal authority imposing such an additional obligation on CCC's part, and in fact, the authority we have found is directly to the contrary. *Burt* v. *Hartford Acc. & Indem. Co.*, 252 Ark. 1236, 483 S.W.2d 218 (1972); 2A Arthur Larson, Workmen's Compensation Law, *Subrogation* §§ 74.32(a)(2); 74.32(b) n. 30 (1992). Our decision in this respect is consistent with this court's established rule that attorney's fees are not allowed except when expressly provided for by statute. *Barnett* v. *Arkansas Transp. Co.*, 303 Ark. 491, 798 S.W.2d 79 (1990).

■ In Sharp's cross-appeal, he points out that, while the trial court below awarded him one-third of CCC's subrogation interest in attorney's fees, the court erred in disallowing him an additional amount of costs from CCC's subrogation award. Once again, the trial court deducted these costs from the full amount of the judgment in the third-party action and awarded these funds to reimburse the Sharps' attorney the costs he advanced. For the same reasons we held that the trial court erred in awarding additional attorney's fees as costs of collection, we hold CCC is also not required to pay additional costs from its subrogation award. Simply put, no legal authority requires CCC to pay additional costs, CCC had already paid its statutory or proportionate share of the costs incurred in the third-party action, and it has no further obligation under the law.

For the reasons above, we reverse the trial court's granting of summary judgment to the Sharps on direct appeal and affirm the trial court's decision on cross-appeal.