David A. SIMPSON; Karen
L. Simpson, Appellants,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, a Massachusetts
Corporation, Appellee.

No. 93–2274.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1994.

Decided June 24, 1994.

Job Serebrov, Fayetteville, AR, argued, for appellants.

William M. Griffin, III, Little Rock, AR, argued (David D. Wilson, appeared on the brief), for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

David and Karen Simpson, Arkansas citizens, appeal from the district court's [1] entry of summary judgment and the order denying a motion for new trial in their declaratory judgment suit 148 F.R.D. 621.

The Simpsons were employed by Scheduled Truckways as truck drivers when they were involved in a vehicular collision in Massachusetts with another tractor-trailer truck, driven by Richard P. Kochanowski, a citizen of Massachusetts, who was employed by Recycling Enterprises, Inc., a Massachusetts corporation. Liberty Mutual Insurance Company (Liberty), a Massachusetts insurance corporation, was the workers' compensation carrier for Scheduled Truckways, and the liability insurance carrier for Recycling Enterprises, Inc. Liberty paid workers' compensation benefits on behalf of Scheduled Truckways to the Simpsons. David received $19,610.61 and Karen received $47,801.25.

The Simpsons sued the driver, Kochanowski, and his employer, Recycling, in state court in Massachusetts. The Simpsons settled for a total of $225,000 after a bench trial but before the court issued a decision. Liberty issued four settlement checks, two of which were issued both to the Simpsons and Liberty. These checks totalled the proceeds received by the Simpsons for their workers' compensation benefits. Liberty, as the workers' compensation insurer, did not attempt to intervene in the Massachusetts action while the action was pending. Two months after the stipulation of dismissal was filed, Liberty filed a motion to intervene in that case, but the motion was denied because the case had been resolved.

The Simpsons then filed this action for a declaratory judgment, arguing that Liberty had waived any lien created by section 40 of the Arkansas Workers' Compensation Act because Liberty had failed to intervene in the Massachusetts lawsuit. The Simpsons sought to require Liberty to remove its name from the two settlement checks. The court granted Liberty's motion for summary judgment without determining whether Massachusetts law or Arkansas law applied, reasoning that the result would be the same, and held the insurance carrier was entitled to the proceeds of the two checks. The Simpsons appeal and argue that the correct application of Arkansas law requires a reversal.

■ "Federal district courts must apply the choice-of-law rules of the state in which they sit when jurisdiction is based on diversity of citizenship." *Whirlpool Corp. v. Ritter,* 929 F.2d 1318, 1320 (8th Cir.1991). As jurisdiction in this case is based on diversity, 28 U.S.C. § 1332, this court must apply the choice-of-law rules of Arkansas, the situs of the district court.

■ Arkansas has adopted the "most significant relationship" test as its choice-of-law rule. *Williams v. Carr,* 263 Ark. 326, 565 S.W.2d 400, 404 (1978) (en banc). To determine which state has the most significant relationship, an Arkansas court will weigh the following choice-influencing considerations: "(1) Predictability of results. (2) Maintenance of interstate and international order. (3) Simplification of the judicial task. (4) Advancement of the forum's governmental interests. (5) Application of the better rule of law." *Id.*

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

■ Acceptance of workers' compensation payments pursuant to Arkansas's workers' compensation law does not mean that Arkansas automatically has the most significant relationship in determining the procedures of third-party tort settlement. In *Orintas v. Meadows*, 17 Ark.App. 214, 706 S.W.2d 199 (1986), an Arkansas appellate court applied the most significant relationship test and held that acceptance of workers' compensation payments from a state does not mean that the parties made an election to accept the procedures of third-party settlement pursuant to that state's law. *Id.* 706 S.W.2d at 201 (citing *Wallis v. Mrs. Smith's Pie Co.*, 261 Ark. 622, 550 S.W.2d 453 (1977) (listing five factors of most significant relationship test, emphasizing forum's governmental interest and better rule of law)).

■ Examining this case in light of the five choice-influencing considerations, we believe that Massachusetts law should be applied. The first two considerations seem to us to have only marginal relevance to this case. On the other hand, application of Massachusetts law would simplify the judicial task. The applicable Massachusetts statute provides:

Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid.... The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee.

Mass.Gen.Laws Ann. ch. 152, § 15 (West 1993). Thus, under Massachusetts law, it is undisputed that Liberty would recover. On the other hand, applicable Arkansas law is not simple and the outcome is disputed. One court has characterized this section of Arkansas's workers' compensation act and its route through the Arkansas courts as "tortured and tortuous." *Commercial Union Ins. v. Suitt Const. Co.*, 673 F.Supp. 320, 323 (E.D.Ark.1987), *aff'd*, 860 F.2d 1087 (8th Cir. 1988). For example, it is not clear whether Arkansas law makes intervention by the carrier an essential prerequisite to recovery or simply a means to protect its interests. *Compare id.* at 323 (provision of lien with its intervention prerequisite is provided only if carrier wants to insure recovery) *with Jackson Cookie v. Fausett*, 17 Ark.App. 76, 703 S.W.2d 468, 470–71 (1986) (to recover, carrier is required to intervene in third-party lawsuit). The judicial task is further simplified if Massachusetts law is applied, since Massachusetts requires no court action to protect the workers' compensation carrier's rights.

■ We believe, moreover, that Massachusetts law advances Arkansas's governmental interests equally, if not more than applying Arkansas law would. The purpose of the Arkansas workers' compensation statute is to protect the rights of both the employee and the compensation carrier. *Travelers Ins. Co. v. McCluskey*, 252 Ark. 1045, 483 S.W.2d 179, 183 (1972). In this case, because Liberty did not intervene, one interpretation of Arkansas law would preclude recovery by Liberty and allow the Simpsons double recovery, frustrating Arkansas's purpose to protect both parties' rights. *See* Ark.Code Ann. § 11–9–410; *Jackson Cookie*, 703 S.W.2d at 470–71.[2]

■ Finally, we think it plain that the Massachusetts rule of law has much to recommend it. The Simpsons did not negotiate to settle around the compensation carrier, but under Arkansas law their recovery could be the same as if they had settled around. Allowing the Simpsons to recover as if they had negotiated to settle around the carrier is a windfall for the Simpsons with no protection for the compensation carrier. Thus,

---

**2.** We recognize that an argument can be made that a double recovery by plaintiffs does not frustrate Arkansas's purpose of protecting the employee and the compensation carrier as the statute provided a means to protect the carrier.

*See John Garner Meats v. Ault*, 38 Ark.App. 111, 828 S.W.2d 866, 868 (1992) ("By failing to intervene, [carrier] waived this right that the statute was designed to protect.").

considering the five choice-influencing factors of the Arkansas choice of law test, we determine that Arkansas courts would conclude that Massachusetts has the most significant interest in this case and would apply Massachusetts law, under which Liberty is entitled to the proceeds of the two checks in dispute.

Accordingly, the judgment of the district court is affirmed.