Henri HATTEN *v.* LITTLE ROCK DODGE and Chrysler Insurance Corporation

CA 93-1090                                        886 S.W.2d 891

Court of Appeals of Arkansas
En Banc
Opinion delivered November 16, 1994
[Rehearing denied January 18, 1995.]

*The Cortinez Law Firm, P.A.*, by: *Robert R. Cortinez* and *Robert S. Tschiemer*, for appellant.

*Friday, Eldredge & Clark*, by: *J. Michael Pickens*, for appellees.

MELVIN MAYFIELD, Judge. The issue in this appeal from the Workers' Compensation Commission is the right of appellant's attorney to a fee on the amount of an insurance carrier's subrogation interest in the proceeds of a third-party tort action. The Commission denied the attorney's fee.

On July 8, 1991, the appellant was employed by appellee Little Rock Dodge when he was involved in an automobile accident with Peggy Nichols. Appellee Chrysler Insurance Corporation paid workers' compensation benefits to appellant in the amount of $1,981.17. The appellant filed a third-party action against Ms. Nichols, and the claim was settled for $4,981.17. After deducting Chrysler's subrogation interest, the appellant received $2,000, and his attorney received $1,000. Appellant's counsel then filed a claim with the Workers' Compensation Commission contending that he was entitled to an attorney's fee equal to one-third of Chrysler's subrogation interest or $660.39.

Relying on *Orintas* v. *Meadows*, 17 Ark. App. 214, 706 S.W.2d 199 (1986), the law judge held that the "reasonable cost of collection" did not include attorney's fees and because appellant's attorney had no agreement with Chrysler regarding its lien,

appellant's attorney was not entitled to a fee from Chrysler. The Commission affirmed.

Ark. Code Ann. § 11-9-410 (1987) provides:

(a) LIABILITY UNAFFECTED.

(1) The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in court against any third party for the injury, but the employer or his carrier shall be entitled to reasonable notice and opportunity to join in the action. If they, or either of them, join in the action, they shall be entitled to a first lien upon two-thirds (2/3) of the net proceeds recovered in the action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his dependents.

(2) The commencement of an action by an employee or his dependents against a third party for damages by reason of an injury to which this chapter is applicable, or the adjustment of any claim, shall not affect the rights of the injured employee or his dependents to recover compensation, but any amount recovered by the injured employee or his dependents from a third party shall be applied as follows:

(A) Reasonable costs of collection shall be deducted;

(B) Then, in every case, one-third (1/3) of the remainder shall belong to the injured employee or his dependents, as the case may be;

(C) The remainder, or so much as is necessary to discharge the actual amount of the liability of the employer and the carrier; and

(D) Any excess shall belong to the injured employee or his dependents.

In arguing that attorney fees should be included in the "cost

of collection," appellant analogizes Ark. Code Ann. § 11-9-410 to Ark. Code Ann. § 23-89-207 (Repl. 1992) (applicable to automobile liability insurance) which provides that an insurer has a right of reimbursement out of any recovery in an automobile collision, "less the cost of collection." It has been held that "cost of collection" under this statute includes attorney's fees. *See State Farm Mutual Automobile Insurance Company* v. *Bing*, 305 Ark. 280, 808 S.W.2d 304 (1991); *Daves* v. *Hartford Accident & Indemnity*, 302 Ark. 242, 788 S.W.2d 733 (1990); *Northwestern National Insurance Company v. American States Insurance Company*, 266 Ark. 432, 585 S.W.2d 925 (1979); *Baker* v. *State Farm and Casualty Company*, 34 Ark. App. 59, 805 S.W.2d 665 (1991); and *National Investors Fire & Casualty* v. *Edwards*, 5 Ark. App. 42, 633 S.W.2d 41 (1982).

In the *Orintas* case, Mr. and Mrs. Meadows were employees of the Bendix Corporation of Indiana. They had both been injured in a compensable automobile accident in Arkansas and had both collected workers' compensation benefits from the Bendix Corporation. They hired an attorney, Richard Orintas, who agreed to accept a 35 percent contingency fee, and a third-party claim was filed against the estate of the Arkansas driver. The claim was settled for the policy limit of $50,000. A dispute then arose as to how to the proceeds of the settlement should be distributed. The Bendix Corporation contended it was entitled to two-thirds of the $50,000 settlement ($33,334), that the Meadows were entitled to one-third ($16,666), and that the appellants' attorney, Mr. Orintas, should receive only 35 percent of the Meadows' $16,666. Mr. Orintas contended he was entitled to 35 percent of the entire $50,000 settlement. The circuit court agreed with the Bendix Corporation.

On appeal, Orintas argued that attorneys' fees are included in the "reasonable costs of collection" and that he, therefore, was entitled to 35 percent of the $50,000 settlement before the proceeds were divided. This court stated:

> Next, the appellant argues that, although Indiana law should be applied to the division of the settlement proceeds, under Ark. Stat. Ann. Section 81-1340 (Repl. 1976) [now codified as Ark. Code Ann. § 11-9-410], attorneys fees are included under reasonable costs of collection. There-

fore, his 35% attorney fee should be deducted from the entire $50,000 settlement before the proceeds are divided between the parties. In *Burt* v. *Hartford Accident & Indemnity Co.*, 252 Ark. 1236, 483 S.W.2d 218 (1972), the court refused to allow the employee's attorney fee to be considered costs of collection under Ark. Stat. Ann. Section 81-1340. Citing *Winfrey & Carlile* v. *Nickles*, 223 Ark. 894, 270 S.W.2d 923 (1954), the court in *Burt* stated that, in the usual situation, the question of an allowance of fees to the employee's attorney as part of the costs of collection would not likely arise, because the intervening carrier would either retain the employee's counsel for a fee mutually agreed upon or the employer would employ another attorney of his own choice. Under these circumstances, the court would simply apportion the recovery, leaving each to pay his own attorney. 252 Ark. at 1240-1; *Nickles*, 223 Ark. at 900. *Accord, St Paul-Mercury Indemnity Co.* v. *Lanza*, 131 F. Supp. 684 (W.D. Ark. 1955); *Phillips* v. *Morton Frozen Foods*, 313 F. Supp. 228 (E.D. Ark. 1970). In the case at bar, Bendix Corporation employed its own attorney to pursue the estate of the third-party tortfeasor, and in view of the circuit judge's superior ability to evaluate the situation, we cannot say the trial court committed error in refusing to allow the appellant his attorney fees as costs of collection under Section 81-1340.

17 Ark. App. at 217-18, 706 S.W.2d at 202.

In *Burt* v. *Hartford Accident & Indemnity Co.* (cited in *Orintas, supra*) appellant Opal Burt was injured during the course of her employment with Wal-Mart and was paid workers' compensation benefits by its insurance carrier, Hartford Accident & Indemnity Company. She then brought an action against D.T. Allen Construction Company, as a third-party tortfeasor, whose liability insurance coverage was also furnished by Hartford. Hartford employed attorneys to seek an intervention to protect its subrogation lien and another firm of attorneys to defend the construction company. In those peculiar circumstances our supreme court held that Burt's attorney was not entitled to a fee out of Hartford's subrogation interest.

In the case of *Winfrey & Carlile* v. *Nickles* (cited in the

*Orintas* case), Nickles had been killed in an automobile accident within the scope of his employment. The employer's insurance carrier, St. Paul-Mercury Indemnity Company, paid workers' compensation benefits to Mr. Nickles' dependent parents. The Steins (occupants of the car which collided with the Nickles' truck) brought suit for damages against Nickles' estate and the estate hired the Hardin law firm to defend and file a cross-complaint for the wrongful death of Nickles. The Hardin firm was to receive 50 percent of any recovery. St. Paul hired attorney G. Byron Dobbs to file an intervention to protect its subrogation lien. It just so happened that St. Paul had also issued an automobile liability policy to the Steins and was required to defend them against the cross-complaint of the Nickles' estate. Therefore, St. Paul hired another law firm, Shaw, Jones & Shaw, to defend the Steins.

The sum of $6,433.10 was recovered for the Nickles' estate, the money was paid into the registry of the court, and then a question arose as to how the money should be distributed. The issue was referred by agreement to the Workers' Compensation Commission which held the Hardin firm was entitled to a fee only from that portion of the judgment that belonged to the Nickles' estate. On appeal, the circuit court set aside the Commission's action and held that the Hardin firm was entitled to half of the entire net recovery, after deduction of costs and expenses. The Arkansas Supreme Court said it was entirely through the efforts of the Hardin firm that the recovery was made, and it affirmed the circuit court's decision.

In *Maxcy v. John F. Beasley Construction Co.*, 228 Ark. 253, 306 S.W.2d 849 (1957), our supreme court had considered Ark. Stat. Ann. § 81-1340 in a case in which the injured employee contracted to pay his attorney 50 percent of any recovery. A settlement was reached between the injured employee and the defendant for $10,016.50. Maxcy then applied to the Workers' Compensation Commission for approval of a settlement and an order of distribution was entered which held as follows: to appellant's attorney a $5,000 fee plus $142.40 costs, for a total of $5,142.40; of the remaining $4,851.60, Liberty Mutual Insurance Company was awarded $3,234.40; and the remaining $1,617.20 was paid to the employee, Maxcy. The court approved the distribution, stating:

It seems clear to us that the above section [Ark. Stat. Ann. § 81-1340], after giving an injured employee the right to sue a third party for his injury and providing that the employer may join in such action and thereby be entitled to a first lien on two-thirds of the net proceeds recovered, and providing that the commencement of such action should not affect the employee's right to recover compensation, there is the further provision that any amount recovered by the employee from a third party shall be applied, after deducting reasonable costs of collection: " — one-third of the remainder shall in every case belong to the injured employee or his dependents as the case may be; the remainder or so much thereof as is necessary to discharge the actual amount of the liability of the employer and the carrier; and any excess shall belong to the injured employee or his dependents."

It is our view that the order of the commission directing distribution, after allowing reasonable costs of collection, in the circumstances here is strictly in accordance with the above statutory authority and is correct.

228 Ark. at 255-56, 306 S.W.2d at 851.

More recently, our supreme court considered a similar situation in *Continental Casualty Co.* v. *Sharp*, 312 Ark. 286, 849 S.W.2d 481 (1993). Sharp had sustained a compensable back injury and appellant provided workers' compensation insurance for the employer. Sharp and his wife hired attorney James Filyaw and brought a third-party-negligence action against Don Bull and Terracon Consultants, et al. Appellant hired an attorney and sought to intervene to preserve its right to a subrogation lien pursuant to Ark. Code Ann. § 11-9-410 (1987).

The Sharps' third-party action proceeded to trial, and a verdict was rendered in their favor in the amount of $456,893.60. The court entered judgment on the verdict, and attorney Filyaw, in accordance with his one-third contingency fee agreement with Sharp, received one-third of the gross recovery — $152,297.86. Filyaw was also reimbursed costs in the amount of $4,170.29. After deducting these costs of collection under § 11-9-410(a)(2)(A), the net recovery to be distributed (between the

Sharps and Continental Casualty Co.) under (B), (C) and (D) of § 11-9-410(a)(2) was $300,425.45.

Accordingly, the Sharps were first entitled to one-third of this net figure, or $100,141.81, leaving $200,283.64 as the balance to be distributed. Because the remaining balance exceeded the workers' compensation benefits CCC had paid the Sharps, CCC was reimbursed only the $128,424.77 it had paid in benefits, and the remaining or excess, $71,858.87, was awarded the Sharps, fixing their total recovery at $172,000.68. The Sharps contested CCC's receipt of the full amount of its subrogation-lien amount, arguing CCC should pay one-third of such amount, $42,808.25, as collection costs since CCC exerted no effort or assistance in pursuing the third-party action.

Mr. Sharp filed a declaratory judgment action against CCC, asserting CCC would be unjustly enriched if it were reimbursed its entire amount of benefits. The trial court agreed and granted summary judgment for Sharp, finding that (1) prior to trial of the third-party action, the Sharps requested CCC to share in the cost of prosecuting the third-party action and CCC refused to participate, (2) the recovery of $456,893.60 in the third-party action was due primarily to the efforts of the Sharps' attorney in investigating, developing, preparing and trying the third-party action and (3) CCC was not entitled to accept the benefits of the services of the Sharps' attorney without payment of a reasonable attorneys' fee. The trial court awarded Sharp one-third of CCC's subrogation lien amount, $42,808.25. This was in addition to the previous attorney's fee Filyaw had received. Our supreme court held:

> The trial court erred in awarding Sharp an attorney's fee from CCC's subrogation lien award because the circuit judge presiding over the earlier third-party action had already awarded the Sharps the full amount of attorney's fee ($152,297.86) as part of the "costs of collection" required under § 11-9-410(a)(2)(A). Because these fees and costs were initially deducted from the full amount of the third-party judgment before either the Sharps or CCC were distributed their respective statutory awards under § 11-9-410(a)(2), CCC effectively paid its proportionate share of the attorney's fees in the Sharps' third-party action.

No additional attorney's fee is provided by law.

312 Ark. at 289, 849 S.W.2d at 482.

■ Thus, it appears that whether or not the cost of collection includes the fee for the employee's attorney on the entire settlement or recovery must be judged on the facts of each case and depends on whether or not the workers' compensation carrier has reached an agreement with the employee's attorney to represent its interest in the third-party action, whether the carrier has had its own attorney participate in the third-party action, or whether the carrier has sat back and allowed the employee's attorney to do all the work and either settle the case or proceed to trial, then when a sum is recovered by the employee's attorney, step in and attempt to take its subrogation amount without any compensation to the attorney responsible for the recovery.

■ Since these issues were not developed below, we cannot make a decision on the record before us. Therefore, this case is reversed and remanded to the Workers' Compensation Commission to obtain further evidence, if necessary, and in keeping with this opinion make findings of fact as to whether or not appellee's insurance carrier had an attorney who participated in any way in the third-party action brought by appellant and his attorney.

Reversed and remanded.